FINLAY STRAUS, INC., et al., on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, *v.* UNIVERSITY OF THE STATE OF NEW YORK et al., Defendants.

Supreme Court, Trial Term, Albany County, January 2, 1946.

*William Weisman* for plaintiffs.

*Charles A. Brind, Jr.,* for defendants.

*Harold Kohn* for New York State Optometric Association, *amicus curiæ.*

BERGAN, J. The regents have express power to supervise the practice of the profession of optometry. (Education Law, § 51, subd. 1.) The " supervision " of such a profession, related to the public health, would usually be construed to embrace reasonable control over the method of attracting patronage, including advertising. Were this in doubt, the language. of section 1433 of the Education Law makes it quite clear that the subject of advertising in the practice of this profession was to be regulated by the regents, since advertising " in violation˙of rules to be made by the department " is prohibited.

When broad statutory language is employed to vest regulatory control of a profession in a responsible agency of the State, a court must pause in delimiting the power either because it cannot find a statutory word to fit the case, or because it

disagrees with the direction of the administrative control. The expression "supervise" a profession is big enough to fit the ordinary orbit of professional administration.

The power to regulate professional advertising as part of the supervision of a profession is a usual incident. The rest of the case presented by plaintiffs is a matter of degree, and raises the question whether the prohibition of advertised prices is a reasonable regulation. The most that plaintiffs show is a difference of opinion. Even if the court were strongly of the view that a statement of prices ought not to be prohibited, the view of the regents who have the responsibility for the profession would prevail.

But the proof here shows that the regulation under attack (Regulations of the Commissioner of Education, § 70, as approved by the Board of Regents, Sept. 18, 1942; 1 Official Compilation of Codes, Rules and Regulations of State of New York, p. 632) is not greatly different from its predecessor (voted Dec. 31, 1926). Previously advertising definite, fixed prices when the service and materials required must be variable, was declared to be unprofessional (Regents' Rules, § 349, subd. b, par. 6). Now advertising of price is entirely prohibited (Regulations of the Commissioner of Education, § 70, subd. [f]; 1 Official Compilation of Codes, Rules and Regulations of State of New York, p. 632). Both rules aim at the same evil. The proof in this record suggests that such advertising is an evil, and has wide and respectable professional condemnation. Certainly this is not a field for judicial revision of what the profession itself regards as a salutary regulation. The subject is within the frame of the regents' powers and those powers have been reasonably and properly exercised.

Defendants may submit a judgment declaring the regulation under attack to be valid, without costs.