FINLAY STRAUS, INC., et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v. UNIVERSITY OF THE STATE OF NEW YORK, et al., Respondents.— Appeal by plaintiffs from a judgment rendered by Justice BERGAN and entered in the Office of the County Clerk of Albany County on January 16, 1946, declaring that rules 6, 7 and 8 of the Board of Regents, adopted March 20, 1942, governing the practice of optometry, are valid. The action is for a declaratory judgment to determine that the rules of the Board of Regents referred to are illegal and to enjoin their

enforcement. Each plaintiff is a New York corporation. Each operates retail stores in the city of New York and sells, as merchandise at retail, spectacles and lenses for the correction of vision and, for the purpose of such sales, employs optometrists to examine the eyes of customers, when necessary, in connection with such sales. Each plaintiff advertises for the purpose of soliciting patronage. Such advertising includes prices for complete glasses, which prices are stated to be dependent upon the style of frames selected, the lenses needed, the examination of the eyes by optometrists employed by plaintiffs without additional charge or obligation for such examination and the privilege of making payments in installments. This practice has been held, among other things, to be price advertising to attract patronage, in violation of the rules referred to. Defendants contend that plaintiffs have no standing in court as the rules apply to the conduct of optometrists. Plaintiffs assert that they are concerned with the enforcement of regulations governing optometrists employed by them. Plaintiffs secured a temporary injunction at Special Term, enjoining the enforcement of the rules referred to and, on appeal, this court continued the temporary injunction pending trial of the issues. If the plaintiffs have any standing in court, it is because they employed optometrists as a part of their activities and must observe rules promulgated for the conduct of such optometrists. The statute gives the Board of Regents the right to supervise the practice of optometry. This would include making rules pertaining to professional conduct. The Board of Regents has adopted the challenged rules pertaining to professional conduct of optometrists, based upon the consensus of expert opinion. (See *Matter of Bell* v. *Board of Regents,* 269 App. Div. 588, revd. 295 N. Y. 101.) All the parties to the present controversy agree that the sole issue here is the authority of the Board of Regents to adopt the rules in question relating to price advertising and unprofessional conduct. The rules seek to prevent an employer of optometrists from making sales dependent on the recommendation of the employed optometrists where the price of spectacles includes an examination and is dependent on an examination to be made without cost or obligation to the purchaser. It is no answer to say that the examination will be honest. The rules aim at preventing a practice which may result in added expense to the unsuspecting customer. Authority exists for the enactment of the rules. The rules are reasonable and are enacted for the protection of the public. Judgment affirmed, with costs. Heffernan, Brewster, Foster and Lawrence, JJ., concur; Hill, P. J., concurs in the result. [186 Misc. 242.]