IRVING STRAUSS et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, *v.* UNIVERSITY OF THE STATE OF NEW YORK et al., Appellants.

Third Department, November 12, 1953.

*Charles A. Brind, Jr.,* and *Elizabeth M. Eastman* for appellants.

*Frank E. Behrman* and *Jerome J. Swartz* for respondents.

*Harold Kohn* for New York State Optometric Association, *amicus curiæ.*

BERGAN, J. Among the general and broadly diversified powers for the regulation of professions and professional practices granted by law to the Regents and the State Education Department is control over optometry. The Regents may " supervise " the entrance regulations and the practice of this profession (Education Law, § 211); the department shall have power to revoke an optometry license for " unprofessional conduct " (§ 7108).

In the exercise of their authority over the practice of this profession the Regents made a rule in respect of advertising. They prescribed that it would be deemed " unprofessional conduct " in the practice of optometry to advertise in ways specified in their regulations. The prohibited forms of advertising are stated in rather considerable detail.

Those we deem particularly material, and to which there is special objection by the plaintiffs here, are advertising by a " large display "; by illuminated signs; by any sign containing a representation of the eye, or head, or spectacles, or frames or mountings of spectacles.

There is special definition of a " large " display. It is prescribed as a sign containing letters more than six inches high if the sign is on the ground floor, and more than eight inches high if on the second or a higher floor; and exceeding one by three feet in over-all sign dimension. More than five signs shall be deemed a " large " display. There is also very inclusive definition of what is an " illuminated " sign. (Regulations of Commissioner of Education, art. VIII, § 70, subd. 1, par. g, added June 16, 1950.)

The plaintiffs are optometrists. The action against the Regents, the University of the State of New York and the members of the State Board of Examiners in Optometry seeks a declaratory judgment that the amendment to the regulations added June 16, 1950, in respect of advertising is void. The complaint is specific about the grounds on which this declaration is sought.

First of all it is alleged to be discriminatory because it subjects optometrists to regulations " from which opticians and oculists

are excluded " although these professions " are in direct competition with optometrists ". It is alleged also that the regulation is beyond the power of the defendants; that it is in conflict with other provisions of the statute and that it is in violation of the plaintiffs' constitutional rights. The court at Special Term has denied defendants' motion for judgment in their favor dismissing the complaint. Defendants appeal.

We think the Special Term was right and that the order should be affirmed. When the practice obtaining on motions addressed to a complaint seeking a declaratory judgment is examined it will be observed that the procedural situation differs somewhat from that in the usual action. If the complaint shows a good ground upon which the court will grant judgment on the subject matter of the controversy the complaint is good and will not be dismissed even though the plaintiff is wrong on the merits of his contention. The complaint will stand as a pleading although the court might think that defendant would be entitled to the declaration in his favor. The procedural theory is that such a complaint states a good ground for declaratory judgment.

The point must be deemed settled by *Rockland Light & Power Co.* v. *City of New York* (289 N. Y. 45). The indicated procedure would be for defendant to move on the pleadings for judgment that the declaration be made, but that it be made in favor of the defendant. This would seem to reach the procedural problem where no triable issue is presented.

Defendants in this action did not clearly seek this relief by merely moving for judgment dismissing the complaint " upon the ground that the complaint fails to state facts sufficient to constitute a cause of action " because the complaint shows good ground for a declaration and therefore is sufficient on its face. Aside from the procedural problem we think that there were triable issues tendered which would justify the court at Special Term in feeling on the merits of the motion that there ought to be a trial.

We desire to make clear, however, what we regard as the triable issues under these pleadings. The issues must be viewed against the power of the Regents and of the department. It has been seen that the Regents may supervise and regulate the practice of optometry under section 211 of the Education Law, and the department may revoke a license for unprofessional conduct under section 7108. The power to regulate a profession carries with it the right to prescribe and to prohibit altogether advertising or solicitation of practice in ways which the profession itself would regard as inadmissible.

The regulation to be made by the Regents would usually be expected to reflect the view of the profession itself although there might be circumstances in which a public authority with a legislative delegation of power would regulate the profession in the general public interest where the profession took a short view of its own responsibilities. The question is delicate, but in the first instance the Regents would be expected to add the weight of public power to the profession's own enlightened view about what is acceptable practice. There is a good discussion of the subject by LEHMAN, Ch. J. in *Matter of Cherry* v. *Board of Regents* (289 N. Y. 148), a dentist advertising case. The " consensus " of professional opinion on the subject is one criterion of regulation but it can readily be seen that it is not the only possible standard to be applied.

In addition to the power over advertising and solicitation that one would naturally expect to be inherent in the public agency vested with authority to regulate a profession, there is on advertising a rather unusual and direct additional grant of power in the case of optometry to the department by section 7111. This provides that no optometrist shall " advertise the practice of " optometry in violation of the rules made by the department. Thus powers which would otherwise be regarded as necessarily implied are not left by the Legislature to inference, but are expressly given. But even with grant added to implication, the rules must still be reasonable, in aid of public protection, and attuned to the profession's own sense of what is good practice.

The Regents could not make regulations that would be startling to the profession and wholly alien to its traditions, feeling and practice. On the other hand the Regents need not invariably feel themselves bound rigidly by a show of hands on a question of good professional practice.

The triable issue is whether the challenged prescriptions of letters and signs and their illumination is arbitrary in the legal sense. It would be proper to take proof on how the profession regards the limitations imposed on advertising generally in its publications and treatises, the acts of its conventions and professional sessions, the declarations of its leading practitioners and instructors. The action of the Regents may be adjudicated reasonable even though there may be strong and articulate dissent in the profession that the regulations are unduly restrictive and allow oculists and opticians unfair competitive advantages. The regulations will not be held arbitrary and unreasonable judicially merely because the court might happen

to have rather strong views that it would be better not to regulate advertising so strictly.

Professional regulation is not a judicial function as far as optometrists are concerned. The line where judicial interference begins is not easy to define. But it certainly will not be indulged in because a court would feel inclined itself to make another kind of a regulation. Much more must be shown by these plaintiffs to win the declaration which they ask than that the kind of advertising they will have to limit themselves to will hurt their business, cost them money in changing their signs, or put them in an unfair competitive position with oculists and opticians.

They will have to satisfy the court on a broad showing of facts that no reasonable administrator in the supervision of their professional conduct would have made any such regulation. We do not conceive this to be easily done (*Finlay Straus, Inc.*, v. *University of State of New York*, 270 App. Div. 1060), but we think the opportunity should be afforded upon the trial.

The order of the Special Term should be affirmed, with $10 costs and disbursements.

Foster, P. J., Coon, Halpern and Imrie, JJ., concur.

Order affirmed, with $10 costs and disbursements.