JOHN R. MARSHALL, Appellant, *v.* CITY OF NORWICH, Respondent.

Third Department, May 10, 1956.

*John R. Marshall,* appellant in person.

*James W. Coleman, Corporation Counsel,* for respondent.

FOSTER, P. J. Plaintiff appeals from an order which dismissed his complaint and denied injunctive relief. His action against the City of Norwich was for a judgment declaring that certain water rate charges levied against his properties were illegal and void, and for an injunction restraining the city from discontinuing a water supply to such properties. The gravaman of his complaint was that the charges complained of were retroactive, *ultra vires,* and in violation of the contract between the city water department and its customers, of which he was one. At Special Term his complaint was dismissed for two reasons: (1) that plaintiff has an adequate remedy at law, and (2) that plaintiff accepted water services subject to the conditions prescribed in the city charter, and in substance that the charter permitted retroactive increases in water rates when the same were necessary to maintain the water system on a self-supporting basis.

At the outset, and without any definitive examination into the merits of the controversy, we are confronted by a procedural difficulty. Obviously the action was for a declaratory judgment and it is equally obvious that the complaint tendered a justiciable issue, i.e., whether the defendant city had power to establish retroactive water rates.

No answer has been served and the complaint was dismissed either on the face thereof or in conjunction with the use of affidavits. It does not appear that Special Term refused to entertain the action on discretionary grounds. It would seem highly questionable that the use of affidavits was proper since the motion to dismiss was apparently made under rule 106 of the Rules of Civil Practice, although not specifically so stated. But

in any event it is a well-established principle that a complaint in an action for declaratory judgment should not be dismissed as insufficient merely because on the face of the facts alleged it would appear that plaintiff is not entitled to a declaration of rights as he claims them to be. He is entitled to a declaratory judgment even though it may be against him, and the court should retain jurisdiction for that purpose (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45; *Strauss* v. *University of State of N. Y.*, 282 App. Div. 593). We recognize that this principle has not always been followed with the utmost precision (*German Masonic Temple Assn.* v. *City of New York*, 279 N. Y. 452; *City of New York* v. *Maltbie*, 274 N. Y. 90), but nevertheless we feel bound to follow it in this case. Under the circumstances, and on account of the procedural point involved, we express no opinion as to the merits of plaintiff's contentions.

The order should be reversed, with $10 costs; the motion to dismiss the complaint denied, without costs, and an opportunity given to the defendant city to answer within 20 days after the entry of an order herein. Pending the final determination of the action the city should be enjoined from cutting off plaintiff's water supply.

BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Order reversed, with $10 costs; the motion to dismiss the complaint denied, without costs, and an opportunity given to the defendant city to answer within 20 days after the entry of the order herein. Pending the final determination of the action the city is enjoined from cutting off plaintiff's water supply.