Samuel Rabin, J.
This is an action for a judgment declaratory of the rights of the plaintiff insurance company and Frank Bongiorno, as plaintiff and Daniel M. Facchin, as defendant, in an action for damages for personal injuries.
In June, 1954 the plaintiff issued to the defendant Daniel M. Facchin an Owners’ Landlords’ & Tenants’ Schedule Liability Policy. This policy contained the following provisions:
“ I Notice of Accident
Upon the occurrence of an accident written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.
# * *
“ 0 Changes
Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the Company from asserting any *668 right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by a duly authorized representative of the Company.”
On July 20,1954 Frank Bongiorno was injured at the assured’s premises and was taken to the hospital. Daniel M. Facchin had knowledge thereof the same day. On November 20,1954 Daniel M. Facchin was served with a summons in an action by Bongiorno against John and Daniel M. Facchin. The insurance carrier, plaintiff herein, was informed of the institution of said action by an insurance broker, about November 22, 1954. No prior notice of the accident was given to the insurance company by Facchin by writing or otherwise.
Thereafter the following letter was sent:
“ 11/29/54
Daniel M. Facchin
18, 35 123rd St., In your reply refer to
College Ft. New York file number IB JL 25931
Daniel M. Facchin Date of Acc. ?
Dear Sir:
Frank Bongiorno Log. S/A/Cor of 20th Ave. 124th St College Pt, N. Y.
We are in receipt of summons in the above entitled matter.
As this is the first notice we have received of the alleged accident, we have not had an opportunity to make an investigation; however, the summons is being referred to Richards W. Hannah, Esq., Attorney, 99 John Street, New York City, so that a Notice of Appearance may be entered to prevent judgment being taken against you by default.
This action is taken in order that your rights may be fully protected, but in so doing the Corporation waives none of the conditions of the policy contract.
Very truly yours,
General Accident F & L Assurance Corf.
By : R. Comstock
BMC ”
On January 14, 1955, the insurance carrier wrote to Facchin advising him that an attorney had been retained to defend the action and of his right to have his personal attorney discuss the action in view of the policy amount and the amount for which action had been commenced.
Thereafter on February 15, 1955, after receipt of the complaint, a letter was sent to Facchin by the carrier stating in part as follows:
*669 “Please be advised that the company’s position is that you violated the section of the policy quoted above and that the company intends to institute an action for a declaratory judgment against you to determine whether your violation of the condition of the policy constitutes a ground for disclaiming liability. It is the company’s position that this violation by you constitutes a violation of this type.
‘ ‘ However, before the company proceeds further, it will have this matter determined by an action instituted against you.”
The instant action was commenced on or about July 12, 1955.
The attorney engaged by the carrier to defend the negligence action carried on the following activities: stipulated to open Facchin’s default in answering the complaint and to the sequence of various practice procedures to control the course of said action, moved to examine the plaintiff Bongiorno before trial, and participated in the examination before trial of the defendant Facchin.
It is virtually conceded and I find as a fact that Facchin never gave to the insurance carrier notice in writing or otherwise of the accident. Notice was required under the terms of the policy. According to the policy, waiver of this condition could be accomplished only by endorsement issued to form a part of the policy, signed by a duly authorized representative of the company. This clause has been held valid. (Bazar v. Great Amer. Ind. Co., 306 N. Y. 481.) No endorsement to the policy was issued. I find that there was no waiver of this condition by the insurance carrier.
I further find that the insurance carrier gave timely and adequate notice of its position that the violation of the condition of the policy requiring written notice constituted a ground for disclaiming liability.
In Weatherwax v. Royal Ind. Co. (250 N. Y. 281, 287) it was held that it was error for the Trial Judge to instruct the jury that, even though notice had been omitted altogether, a waiver of that condition might be inferred from the conduct of the insurer in serving answers to the complaints and thus assuming the defense, where the papers in the action were accepted with a reservation of all rights and the answers were interposed with a warning that the insurer would withdraw if it found that it had been prejudiced by the dilatory notice, and thereafter seasonably and with ample notice to the insured it did withdraw from the defense and stood upon its rights.
In this case the insurer seems to have acted with entire fairness and with due regard for its obligations and for the rights of the insured. The insured was fully advised as to the conditions *670 imposed by the carrier and by his silence assented thereto. He may not claim under these circumstances that the carrier has waived its rights.
Judgment is accordingly granted in favor of the plaintiff as prayed for in its complaint, without costs.
Settle judgment on two days’ notice.