■ GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Respondent, v. FRANK BONGIORNO et al., Appellants.— In an action for a declaratory judgment and an injunction, the appeal is from a judgment rendered after trial in favor of respondent against appellants. The judgment (1) declares, *inter alia*, that appellant Daniel M. Facchin, the named insured on a certain liability insurance policy issued by respondent, breached the standard condition in the policy which required that notice of the occurrence of an accident be given to the carrier as soon as practicable and that respondent is not liable under the policy with respect to a claim which was made by appellant Bongiorno for personal injuries, and (2) enjoins appellants from bringing any action against respondent based upon or arising out of the accident upon which Bongiorno's claim was based. Judgment affirmed, with one bill of costs. No opinion. Nolan, P. J., Wenzel and Murphy, JJ., concur; Beldock and Kleinfeld, JJ., dissent and vote to direct the entry of judgment on the merits and in favor of appellants declaring (1) that the insured, appellant Daniel M. Facchin, did not breach the condition of the policy in suit requiring the giving of notice of an accident "as soon as practicable", (2) that the insured did give such notice in compliance with the said condition of the policy, (3) that in any event respondent, by its affirmative acts in the pending action brought by appellant Bongiorno against the appellants, prejudiced the insured's rights and despite its reservation waived its defense of lack of timely notice under the policy, (4) that the policy does cover the liability of the insured for the accident which occurred upon his premises on July 20, 1954, and (5) that the appellants are entitled to prosecute an action or actions upon said policy against the respondent based upon or arising out of said accident, with the following memorandum: In our opinion, a declaratory judgment should be rendered here defining and determining the legal rights of the parties (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 51; *Marshall* v. *City of Norwich*, 1 A D 2d 498, 500; *Strauss* v. *University of State of New York*, 282 App. Div. 593, 595).

The judgment however should have been rendered in favor of the appellants, rather than in favor of the respondent, for the following reasons: (1) The pleadings and the proof squarely present the basic issue as to whether the insured's notice to the insurer, by letter of November 22, 1954 (received by the insurer the following day), of the accident which occurred on July 20, 1954, was notice given "as soon as practicable" in accordance with the condition of the policy (*Gluck* v. *London & Lancashire Ind. Co. of America*, 2 A D 2d 751, affd. 2 N Y 2d 953). Based upon the undisputed facts and the inferences fairly to be drawn therefrom, that issue must be decided in favor of the appellants, and (2) the pleadings also present the issue as to whether, assuming such notice was not timely given in accordance with the policy condition, such failure on the part of the insured was waived by the respondent by reason of its conduct in the pending action brought by appellant Bongiorno against the insured, appellant Facchin. While the respondent, under its letter of November 29, 1954, undertook the defense of that action with a reservation of its rights under the policy, such defense and such reservation did not give it the authority or the license to take affirmative acts to the prejudice of the insured. The respondent, without the insured's knowledge or consent, took such unauthorized prejudicial acts in the action (a) when it consented to the imposition of onerous terms upon the insured as a condition for opening his default in answering, such default having been caused by respondent's delay or neglect, and (b) when it consented to the restoration of the action to the calendar after it had been unconditionally dismissed. These unauthorized acts, without the insured's knowledge or consent, clearly operated to the prejudice of his substantial rights. Consequently, despite respondent's reservation, its said affirmative acts are sufficient to constitute a waiver by it of its claim of lack of timely notice under the policy, particularly in the light of its fiduciary duty to protect its insured upon its assumption of the obligation of defense (cf. *American Employers Ins. Co.* v. *Goble Aircraft Specialties*, 205 Misc. 1066, 1075, and cases there cited). [5 Misc 2d 666.]