Harold J. Hughes, J.
TMs is an action to declare a regulation of the Commissioner of Education unconstitutional and for a permanent injunction restraining the Board of Regents from enforcing the regulation. The regulation in question (8 NYCRR 63.3) reads as follows:
“ 63.3 Unprofessional conduct. Unprofessional conduct in the practice of pharmacy within the meaning of section 6804 of the Education Law shall include but shall not be limited to the following: * * *
“ (c) a registered pharmacist, or the owner of a pharmacy participating in any plan, agreement or arrangement which advertises fixed or discount prescription prices or permitting any agent or any other person, group or organization to use such advertising in his behalf ”.
On or about February 16,1972, the State Board of Pharmacy, a licensing board under the jurisdiction of the defendant, notified plaintiff to appear before a committee of said board pursuant to section 6809 of the Education Law to answer charges that the U. P. C. Prescription Center of Schenectady, Inc., where plaintiff is supervising pharmacist, was advertising through local newspapers discounts on all drug needs and was offering free $2 certificates for all drug needs.
*188 On February 29, 1972, plaintiff instituted the present action. By order dated May 10, 1972, a preliminary injunction was granted plaintiff restraining the defendant from conducting the hearing and from attempting to enforce the regulation.
On May 4, 1972, the regulation in question was amended, effective June 1, 1972; former subdivision (c) of section 63.3 was repealed and new subdivisions (c) and (m) were added as follows:
“ 63.3 Unprofessional conduct. Unprofessional conduct in the practice of pharmacy within the meaning of section 6804 of the Education Law shall include but shall not be limited to the following: * * *
“(c) advertising of fixed fees or prices for professional services or the use of .the words ‘ cut rate’, ‘ discount ’ or other words having a similar connotation in connection with the offering of professional .services by a pharmacist, the owner of a pharmacy or by any other person, group or organization in behalf of and with the permission of a pharmacist or the owner of a pharmacy, provided, however, that proper actions taken in meeting the requirements of subdivision (m) shall not be construed as constituting advertising ; * * *
‘‘ (m) failure to make prescription fee or price information readily available by:
“(1) providing .such information upon request and upon the presentation of a prescription for pricing or dispensing; or,
“ (2) offering to provide .such information by posting a sign measuring 9 inches by 12 inches in the window or within the pharmacy at the area where prescriptions are normally received or, in the case of pharmacies located in general merchandising establishments at the registered area reading:
“ ‘The price for which your prescription will be dispensed will be provided upon request and upon presentation of such prescription for pricing or dispensing. ’
“ The sign must in every case be clearly visible to the patrons to be served.”
The parties have stipulated that there is no issue of fact to be tried and that the issues raised are ones of law relating to the validity of section 63.3 of the regulations.
It is the position of plaintiff that the discount advertising restrictions set forth in former subdivision (c) of section 63.3 as well as the present subdivision (c) of section 63.3 are invalid because there is no reasonable basis for the existence of these regulations. It is to be noted that there is a difference in the two regulations. The former subdivision (c) of section 63.3 *189 prohibited a pharmacist from advertising 1 ‘ discount prescription prices ” whereas the present section prohibits a pharmacist from advertising discounts in connection with the offering of professional services of a pharmacist. As a practical matter, the substance of the prohibition in the two sections is the same. Thus, while the present action is concerned only with the validity of former subdivision (c) of section 63.3, the validity of the present section, at least inferentially, must also be determined in this action.
The plaintiff’s main argument is that the regulation prohibiting the advertising of discount prescription prices is not reasonably related to the health and welfare of the public and, therefore, is ureasonable and arbitrary and violative of plaintiff’s right to due process of law (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 541). In that case, which held unconstitutional the absolute ban of the sale of evaporated skimmed milk, the applicable rules of law were summarized. Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions. If any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends. Courts strike down statutes only as a last resort and only when unconstitutionality is shown beyond a reasonable doubt. Due process does demand, however, that a law be not unreasonable or arbitrary and that it be reasonably related and applied to some actual and manifest evil (see generally McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150).
The above rules are applicable in the present case even though the validity of a regulation, not a statute, is at issue. It is clear from the history of the regulations and the enactments which preceded them that the Legislature fully inténded that the Commissioner of Education and the Board of Regents have the power to prohibit by regulation the advertising of fixed or discount prescription prices.
Although not directly in point, the court notes that statutes prohibiting price advertising in other professions, including the advertising of discounts, have generally been upheld (see Head v. New Mexico Bd., 374 U. S. 424; Williamson v. Lee Opt. Co. 348 U. S. 483; Semler v. Dental Examiners, 294 U. S. 608; Finlay Strauss, Inc. v. University of State of N. Y., 270 App. Div. 1060, mot. for lv. to app. den. 296 N. Y. 1057). There have also been decisions in other jurisdictions which have upheld the prohibition of price advertising for prescription drugs *190 (Patterson Drug Co. v. Kingery, 305 F. Supp. 821; Supermarkets Gen. Corp. v. Sills, 93 N. J. Super. 326) and other decisions which have held that similar provisions were invalid (Pennsylvania State Bd. of Pharmacy v. Pastor, 441 Pa. 186; Stadnik v. Shell’s City, 140 So. 2d 871). Ultimately, however, the validity of the former and present regulation depends upon the application of the well-known rules of law set out earlier in this decision.
It is the court’s opinion that an assumed state of facts does exist which justifies the regulation and it is, therefore, held to he constitutional. It would appear to this court that the State has a legitimate interest to prohibit advertising in the area of prescription drugs. The most cogent reason for the restriction is to foster the policy of encouraging the continued existence of independent local drugstores by the prevention of destructive competition through advertising (cf. House of Spirits v. Doyle, 72 Misc 2d 1036, 1040). It may be argued that the public interest would best be served if purchasers may avail themselves of1 the services of local and neighborhood drugstores since these often provide services not available at so-called discount drugstores; moreover, local stores are convenient to the consumer and are often open for longer hours than discount stores.
Plaintiff also urges that the regulation is unconstitutionally vague, but the court concludes that this, as well as the other contentions raised by plaintiff, is without merit.
Judgment is awarded to defendant dismissing the complaint and the preliminary injunction is vacated, without costs.