■ ERIC G. UROWSKY, Appellant, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Appeal from a judgment of the Supreme Court, entered January 30, 1974 in Albany County, upon a decision of the court at a Trial Term, without a jury, which dismissed the complaint on the merits and vacated a preliminary injunction previously granted. The plaintiff is a pharmacist who, in the fall of 1971, advertised through local newspapers discounts on all drug needs and offered free $2 certificates good at his pharmacy against the price of drugs. Thereafter, in February of 1972, the State Board of Pharmacy, a licensing board under the aegis of the defendant Board of Regents, notified the plaintiff to appear before it to answer charges that such advertising constituted unprofessional conduct within the meaning of the Regulations of the Commissioner of Education which condemn discount advertising by pharmacists (8 NYCRR 63.3 [c]). Before the scheduled hearing date, however, the plaintiff brought this action to declare the subject regulation invalid and obtained an order staying administrative action pending the outcome of the suit. As noted above, the trial court ultimately dismissed the complaint and vacated the order. On this appeal, the plaintiff first contends that the challenged regulation (8 NYCRR 63.3 [c]) is invalid because it exceeds the Legislature's delegation of rule-making power. This argument is clearly without merit, however, because the Legislature has specifically provided that the responsibility for determining which types of advertising are improper lies with the defendant board (Education Law, § 6506, subd. [9]). Nor is this delegation of responsibility to the board so broad as to violate the constitutional provision vesting legislative power in the Senate and Assembly (N. Y. Const., art. III, § 1). At least by implication, the relevant statute (Education Law, § 6506, subd. [9]) adopts the ethical practices of the profession to be regulated as a guide for the board's exercise of its rule-making power, pursuant to which acts or conduct may be banned only upon a reasonable ground (cf. *Matter of Cherry* v. *Board of Regents of Univ. of State of N. Y.*, 289 N.Y. 148). Thus, an adequate and ascertainable standard is provided for the administrative action, and the Legislature need not expressly enumerate

the precise deviations therefrom which would constitute unprofessional conduct (*Matter of Gold* v. *Lomenzo*, 29 N Y 2d 468). Also unpersuasive is the argument that the regulatory prohibition of discount advertising contravenes the constitutional requirements of due process. The professed goals of the regulation are the fostering of local neighborhood pharmacies for the convenience of those unable to travel more than a short distance from their homes and the sustaining of high professional standards by discouraging the operation of pharmacies in the most economical manner and with the least investment of time and skill. While the likelihood that these goals will be realized may be questioned, the regulation itself is undeniably a reasonable attempt to further legitimate State objectives. Accordingly, we will not sit as a "super-legislature" and utilize the due process doctrine to invalidate a regulation merely because some may deem it improvident or unwise (cf. *North Dakota Pharmacy Bd.* v. *Snyder's Stores*, 414 U. S. 156; *Ferguson* v. *Skrupa*, 372 U. S. 726). Finally, the plaintiff contends that the restriction on his advertising violates the First Amendment guarantee of freedom of speech (U. S. Const., 1st Amdt.), but it is by now well settled that "commercial speech", such as the advertising here, is unprotected by the First Amendment (*Pittsburgh Press Co.* v. *Human Relations Comm.*, 413 U. S. 376; *Valentine* v. *Chrestensen*, 316 U. S. 52). Judgment affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Main and Reynolds, JJ., concur. [76 Misc 2d 187.]