John T. Casey, J.
The plaintiffs instituted an action for a declaratory judgment concerning a regulation promulgated by the Commissioner of the Department of Motor Vehicles of the State of New York, dealing with bicycle side visibility. There are three motions before this court in connection with that action.
First, the defendants have moved for summary judgment. Second, the plaintiffs have appeared in opposition to the defendants’ motion and have moved for an order directing the defendants to produce certain documents and records. Third, an intervenor-defendant has moved to dismiss the complaint for its failure to state a cause of action.
In 1972, the Legislature of the State of New York amended section 1236 of the Vehicle and Traffic Law to provide that: "(d) Not later than January first, nineteen hundred seventy-three, the commissioner shall promulgate rules and regulations, after public hearing, in relation to the visibility of bicycles from all directions.”
In January, 1973, the commissioner promulgated section 59.4 (g) of title 15 of the Official Compilation of Codes, Rules and Regulations of the State of New York which provides in pertinent part:
"(1) On and after October 1, 1975, each bicycle must be equipped with a continuous circular band of reflective material mounted on the tires, rims or spokes. The reflective material must be at least three sixteenths of an inch wide * * *
*527 "(3) The reflective device affixed to the tire shall be an integral part of the tire and shall remain effective for the life of the tire. The reflective device affixed to the rims or spokes shall be attached so securely that removal without damage to wheel is impossible, unless special tools are used.”
When the regulation was promulgated the only method of satisfying its provisions was by using reflectorized tires on the bicycle. A reflectorized tire contains a circular band of reflective material which is affixed thereto by a special process. Approximately one year after the regulation was promulgated, but prior to the October 1, 1975 effective date thereof, another product was developed to provide side visibility for bicycles. This new product is known as a wide-angle reflex reflector. The wide-angle reflex reflector is a curved shape reflector that attaches to the spokes of the bicycle tire.
One of the plaintiffs, Schwinn Bicycle Company, a large manufacturer and distributor of bicycles, asked the Commissioner of Motor Vehicles to amend the regulation to permit the use of the wide-angle reflex reflectors as well as the reflectorized tire. The commissioner refused and the present action to set aside the regulation and for other relief ensued. The plaintiffs contend the regulation should be set aside for several reasons. First, they contend that the enabling legislation, subdivision (d) of section 1236, is unconstitutional because it embodies an unlawful delegation of legislative authority to an administrative agency. Second, they contend that the regulation imposes an excessive burden on interstate commerce and, therefore, is unconstitutional. Third, they maintain that the commissioner acted in an arbitrary and capricious manner when he refused to amend the regulation to permit the use of the wide-angle reflex reflector.
A legislative enactment carries with it a strong presumption of constitutionality and may not be declared unconstitutional unless it is shown to be such beyond a reasonable doubt. (Seagram & Sons v Hostetter, 45 Misc 2d 956, affd 16 NY2d 47.) The Legislature may delegate discretionary power to an administrative agency as long as the Legislature limits the field of discretion and provides a reasonably clear standard to the agency to govern the exercise of that discretion. (Packer Coll. Inst. v University of State of N. Y., 298 NY 184; Matter of Small v Moss, 279 NY 288.)
According to the plaintiffs, subdivision (d) of section 1236 fails to contain sufficient standard to guide the Commissioner *528 of Motor Vehicles and fails to limit the area of his discretion. I disagree. The Legislature has made a policy determination that as a matter of public safety, bicycles should be visible from all directions. The commissioner has been directed to promulgate rules and regulations after public hearings to implement that policy. Furthermore, the requirement that the commissioner act in a reasonable manner in implementing that policy is implied in the legislation. (Matter of Trustees of Vil. of Saratoga Springs v Saratoga Gas, Elec. Light & Power Co., 191 NY 123, 148; see People v Schmidt, 54 Misc 2d 702, app dsmd 23 NY2d 686; State ex rel. Colvin v Lombardi, 104 RI 28; cf. Urowsky v Board of Regents of Univ. of State of N. Y., 46 AD2d 974.) Given the limited field of discretion — visibility of bicycles — and the implied requirement that the commissioner act in a reasonable manner, together with the strong presumption of constitutionality, subdivision (d) of section 1236 cannot be struck down as an unconstitutional delegation of legislative power. Finally, with regard to this issue, the fact that the Legislature in subdivision (a) of section 1236 provided additional criteria for the commissioner concerning the exercise of his discretion involving lamps and other equipment on a bicycle does not render subdivision (d) of that section unconstitutional because of the absence of such detail. Indeed, the visibility distance of the front lamp and rear reflector contained in subdivision (a) gives the commissioner an indication of the visibility requirements he should consider in promulgating regulations concerning side visibility. (Cf. Urowsky v Board of Regents, supra.)
Focusing on the regulation — 15 NYCRR 59.4 (g) — the plaintiffs maintain it violates the commerce clause of the United States Constitution. In this regard, the plaintiffs'point out that several States have, or are in the process of, enacting legislation whereby either the wide-angle reflex reflector or the reflectorized tire may be used on the bicycle. The use of the reflectorized tire, according to the plaintiffs, is more expensive than the wide-angle reflex reflector, and the manufacturers, if given an option, would use the wide-angle reflex reflector. If a manufacturer wanted to sell bicycles in New York, however, he must use a reflectorized tire. Consequently, to comply with the present regulation a manufacturer must have a separate production, storage and delivery process for bicycles to be sold in New York State. As a result a bicycle with reflectorized tires will sell for approximately $5 more *529 than a bicycle equipped with a wide-angle reflex reflector. Furthermore, the plaintiffs submit, some manufacturers will not offer some bicycle models for sale in New York and others may discontinue selling bicycles in New York.
The regulation concerning side visibility of bicycles is grounded in the promotion of public safety and is nondiscriminatory in that it applies to both intrastate and interstate manufacturers or distributors of bicycles. Undoubtedly, New York State has a legitimate interest in protecting the users of bicycles within its boundaries. In promoting that interest, New York may adopt a regulation that indirectly affects interstate commerce, absent Federal pre-emption, unless the effect of the law as a safety measure is so slight or problematical as not to outweigh the national interest in keeping interstate commerce free from interferences which seriously impede it. (Bibb v Navajo Frgt. Lines, 359 US 520.)
In American Apparel Mfrs. Assn, v Sargent (384 F Supp 289), the plaintiff, a manufacturer of children’s sleepwear, contended that a Massachusetts flammability standard applicable to children’s sleepwear sold or offered for sale in that State, which was more stringent than the Federal standard, constituted an undue interference with interstate commerce. The plaintiff contended the increase in cost and the physical inconvenience caused by the Massachusetts requirement contributed to that undue interference. A three-Judge District Court dismissed the plaintiff’s contentions. The court stated that an increase in cost, assuming no discrimination, was relatively unimportant. (Ibid., p 292.) Furthermore, physical inconvenience was significant only if it made compliance with the State standard impossible as a practical matter. (Ibid.) In the instant case, the increase in cost and physical inconvenience caused by the use in New York of the reflectorized tire does not so severely impede the free flow of interstate commerce so as to render the regulation unconstitutional.
Finally, the plaintiffs contend that the commissioner acted in an arbitrary and capricious manner when he refused to amend the regulation so as to provide for the-use of the wide-angle reflex reflector. Significantly, the plaintiffs do not contend that the reflectorized tire is an inadequate means of providing for the side visibility of bicycles. Instead, the plaintiffs maintain that the wide-angle reflex reflector is at least as good as the reflectorized tire, and, therefore, the commissioner should amend the regulation to permit the use of the wide- *530 angle reflex reflectors as well as the reflectorized tire. So postured, the plaintiffs do not contend that the commissioner has failed to carry out the legislative mandate to provide an adequate method for the side visibility of bicycles. Having satisfied that duty, it is difficult to see how the commissioner can be held to have acted arbitrarily when he refused to amend the regulation so as to provide for an alternative method of side visibility.
Assuming that this court may inquire into the reasons for the commissioner’s refusal to amend, the papers presented evidence a rational basis for such action. For example, the commissioner points out that a bicycle equipped with a wide-angle reflex reflector when stationary would not necessarily produce visual identification to an oncoming motorist, whereas the continuous circular band would produce such visual identification. Consequently, the regulation may not be set aside, nor may the commissioner be directed to amend or reconsider amending the regulation in the manner proposed by the plaintiffs. (See, e.g., Matter of Bologno v O’Connell, 7 NY2d 155; Montgomery v Daniels, 38 NY2d 41.)
The defendants’ motion for summary judgment is granted. Subdivision (d) of section 1236 of the Vehicle and Traffic Law is declared to be constitutional and not an unlawful delegation of legislative authority; 15 NYCRR 59.4 (g) is declared to be valid. The plaintiffs’ motion for production of certain documents is denied as moot. The motion by the intervener to dismiss the plaintiffs’ complaint is also moot and is denied.