OPINION OF THE COURT
Eugene R. Canudo, J.
In this proceeding brought pursuant to CPLR article 78, petitioners seek a judgment declaring the respondent Section XI, New York State Public High School Association, Inc.’s (Section XI’s) policy of not allowing the participation of male students on the girls’ interscholastic volleyball teams to be in violation of section 3201-a of the Education Law and section 135.4 (subd [c], par [7], cl [ii], subcl [c]) of the Regulations of the Commissioner of Education (8 NYCRR 135.4 [c] [7] [ii] [c]) and directing respondents to allow the petitioner to practice with and participate on the North Babylon High School interscholastic volleyball *37 team; and awarding petitioners the costs and disbursements incurred herein.
Petitioner is the mother of a 17-year-old male student who presently attends North Babylon High School. The respondent Board of Education of the North Babylon Union Free School District (Board of Education) is the agency charged under section 1709 of the Education Law with supervising the Babylon Union Free School District and corespondent Section XI is the agency charged with the administration of public high school athletics within Suffolk County. Petitioner contends that the denial by respondents of her son’s opportunity to try out for the all-girl North Babylon Senior High School power volleyball team because of his sex is in violation of section 3201-a of the Education Law and the Regulations of the Commissioner of Education enacted pursuant to that section and that therefore, that denial of equal opportunity for males to participate in power volleyball competition is arbitrary and capricious, an abuse of discretion, and in error of law.
In its answer and objection in point of law, the respondent board of education contends that the petition on its face does not state a cause of action, that its action was taken in compliance with the policy set forth by corespondent Section XI, and that it complied fully with the requirements of title 9 of the Education Amendments of 1972 (US Code, tit 20, §1681 et seq.). Corespondent Section XI for its answer and objections in point of law contends that the petition is untimely in that it was commenced more than four months following the date of the administrative act complained of and that the petition fails to state a cause of action in that the resolution passed by Section XI on February 10, 1978 was in full conformity with title- 9 of the Education Amendments of 1972 (US Code, tit 20, § 1681 et seq.).
In her reply, petitioner alleges, inter alla, that the time for the commencement of the article 78 proceeding runs from the date the petitioner became aggrieved, not from the date the administrative act was passed, and that any language controlling in title 9 of the Education Amendments of 1972 (US Code, tit 20, § 1681 et seq.) is irrele *38 vont since it would not be a consideration within section 3201-a of the Education Law or section 135.4 (subd [c], par [7], cl [ii], subcl [c]) of the Regulations of the Commissioner of Education. Respondent’s contention that the petition is untimely lacks merit because the four-month Statute of Limitations provided in CPLR 217 does not start to run until there is a final and binding determination against petitioner which in this case was on March 26, 1980, when petitioner attorney was informed by the coordinator of the North Babylon Union Free School District that the latter was bound by the rules and resolutions set forth by the respondent Section XI (see Verbanic v Nyquist, 41 AD2d 466).
That portion of the petition requesting a judgment declaring respondent Section XI’s resolution dated February 10,1978 in violation of section 3201-a of the Education Law and section 135.4 (subd [c], par [7], cl [ii], subcl [c]) of the Regulations of the Commissioner of Education is denied. That resolution provided that “inasmuch as boys have not been denied an equal opportunity to participate on interscholastic sport teams in past years in Suffolk County, boys may not try out nor participate on girls’ inter-scholastic teams in accordance with Federal Regulations.”
Section 3201-a of the Education Law provides in pertinent part that “No person shall be disqualified from state public and high school athletic teams, by reason of that person’s sex, except pursuant to regulations promulgated by the state commissioner of education.” Section 135.4 (subd [c], par [7], cl [ii], subcl [c]) of the Regulations of the Commissioner of Education provides in pertinent part that “(1) Equal opportunity to participate in interschool competition, either on separate teams or in mixed competition on the same team, shall be provided to male and female students * * * In schools that do not provide separate competition for male and female students in a specific sport, no student shall be excluded from such competition solely by reason of sex except * * * (3) In the sports of baseball, field hockey, lacrosse, soccer, softball, speedball, team handball and power volleyball where the height of the net is set at less than eight feet, the fitness of a given student to partici *39 pate in mixed competition shall be determined by a review panel consisting of the school physician, a physical education teacher designated by the principal of the school, and if requested by the parents of the pupil, a physician selected by such parents.” The issue for determination is whether the resolution passed by respondent Section XI on February 10,1978 is in violation of the statutory and regulatory provisions cited above.
The apparent purpose of the subject resolution was to prevent male participation on female teams that would cause less of an athletic opportunity for females and an eventual compromise of female athletic competition by male participation. Under the Federal regulations, the exclusion of an athlete because of sex is permitted where overall athletic opportunities for members of that athlete’s sex have not been limited in the past (45 CFR 86.41; Matter of Mularadelis v Haldane Cent. School Bd., 74 AD2d 248; see, also, Petrie v Illinois High School Assn., 75 Ill App 3d 980).
When a rule or regulation such as the one here involved is challenged, the test is whether the rule or regulation has a rational basis (Matter of Meenagh v Dewey, 286 NY 292; see, also, Strauss v University of State of N.Y., 282 App Div 593; Urowsky v Board of Regents of Univ. of State of N.Y., 46 AD2d 974, affd 38 NY2d 364). An agency may only promulgate regulations which further implement the law as it exists; it has no authority to create regulations out of harmony with the statute (Ostrer v Schenck, 41 NY2d 782, 785; Matter of Jones v Berman, 37 NY2d 42, 53). The court must determine whether the respondent in promulgating its policy has exceeded its authority or disregarded the statutory standards (Matter of Dairylea Coop. v Walkley, 38 NY2d 6) and the burden of establishing the unreasonableness of the policy is on the petitioner (People ex rel. Knoblauch v Warden of Jail of Fourth Dist. Magistrates’ Ct, 216 NY 154). In other words, the challenge of a rule or regulation must establish that it “is so lacking in reason for its promulgation that it is essentially arbitrary” {Matter of Marburg v Cole, 286 NY 202, 212).
This court finds that the resolution passed by respondent *40 Section XI on February 10, 1978 is in harmony with section 3201-a of the Education Law and section 135.4 (subd [c], par [7], cl [ii], subcl [c]) of the Regulations of the Commissioner of Education. The resolution further promotes the aim of title 9 to prevent the take-over of all girl teams by members of the opposite sex who already have a disproportionate advantage in over-all athletic opportunities. Moreover, Section XI’s policy of preventing male participation in girls’ interscholastic teams is a discernible and permissible means toward redressing disparate treatment of female students in scholastic athletic programs. This is evidenced by the fact that in the respondent Section XI there were 604 boys’ teams in 17 sports on the varsity level and 383 girls’ teams in 12 sports in the year 1977-1978, the year the resolution was adopted. By preventing male participation in girls’ interscholastic teams, the respondents have protected the girls’ sports teams and given them an opportunity to develop a program equal to that of the boys. This is in accord with the intent of the governing Federal regulations and clearly provides the subject policy with a rational basis while the disproportionate nature of the sports program exists.
This court does not agree with petitioner’s contention that the actions of respondents in not providing equal opportunities for males to participate in the interscholastic power volleyball competition are arbitrary and capricious, an abuse of discretion and in error of the law. The petitioner’s son is not entitled to practice with and participate on the North Babylon High School interscholastic volleyball team.
Petition dismissed.