**60**

NATURAL RESOURCES DEFENSE COUNCIL, INC., American Lung Association; American Lung Association of New York State, Inc.; Brooklyn Lung Association, Inc.; Queensboro Lung Association; and American Lung Association, Hudson Valley, Inc., Plaintiffs–Appellees,

v.

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION; Henry G. Williams, as Commissioner, New York State Department of Environmental Conservation; United States Environmental Protection Agency; and Lee M. Thomas, as Administrator, United States Environmental Protection Agency, Defendants–Appellees.

Appeal of AMERICAN PETROLEUM INSTITUTE.

No. 79, Docket 87–6124.

United States Court of Appeals, Second Circuit.

Argued Oct. 1, 1987.

Decided Dec. 1, 1987.

Joseph J. Zedrosser, Uniondale, N.Y. (Rivkin Radler Dunne & Bayh, Uniondale, N.Y.; G. William Frick, David T. Deal, Thomas S. Llewellyn, American Petroleum Institute, Washington, D.C., on the brief), for appellant.

Eric A. Goldstein, New York City (Donald S. Strait, Natural Resources Defense Council, Inc.; David Schoenbrod, New York Law School, New York City, on the brief), for plaintiffs-appellees.

Richard W. Mark, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Mary Ellen Kris, Nancy Kilson, Asst. U.S. Attys., New York City, on the brief), for federal defendants-appellees.

(Robert Abrams, Atty. Gen., David R. Wooley, Helene G. Goldberger, Asst. Attys. Gen., New York City, filed a brief for state defendants-appellees.)

Before VAN GRAAFEILAND, MESKILL and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal from a denial of a motion to intervene requires some consideration of the standard for determining when an interest is "adequately represented" by a party to a lawsuit within the meaning of Fed.R.Civ.P. 24(a)(2). The American Petroleum Institute (API) appeals from an order of the District Court for the Southern District of New York (Morris E. Lasker, Judge) denying its motion to intervene in a lawsuit brought by the Natural Resources Defense Council, Inc. and other groups concerned with air pollution against the New York State Department of Environmental Conservation, the United States Environmental Protection Agency, and the administrators of both agencies. We affirm the denial of intervention.

This suit is a so-called "citizen suit" brought under section 304(a) of the Clean Air Act, 42 U.S.C. § 7604(a) (1982). It seeks to compel the state defendants to implement four ozone pollution control strategies contained in New York's State Implementation Plan (SIP) and to compel the federal defendants to order New York to revise the ozone and carbon monoxide pollution control strategies of its SIP. One of the ozone control strategies, known as Stage II, requires the use of equipment designed to capture gasoline vapors that escape when automobile fuel tanks are filled at gasoline stations. API, whose members own or supply some 3500 gasoline stations in New York City, asserts an interest in challenging the efficacy of the Stage II strategy and in asserting defenses to the claims against the state and federal defendants that they are not asserting. For example, API wishes to contend that a commitment made by a state in a SIP is not "an emission standard or limitation" within the meaning of section 304(a)(1) and hence not enforceable in a citizen suit against state defendants.

Focusing primarily on API's effort to intervene with respect to the plaintiffs' claims against the state defendants, Judge Lasker properly noted that API's challenge to the efficacy of the Stage II strategy concerned an issue not involved in the plaintiffs' suit. The decision to implement Stage II has already been made. Whether this strategy was a permissible way for New York to comply with the requirements of the Clean Air Act could have been raised in a petition under section 307(b) of the Act, 42 U.S.C. § 7607(b), for review of the action of EPA in approving New York's SIP. Judge Lasker further noted that the only issues concerning Stage II in this citizen suit are whether New York has unlawfully delayed implementation of Stage II and whether the State has a nondiscretionary duty to implement Stage II forthwith. The suit also raises the issue whether EPA has a nondiscretionary duty to compel New York to revise its pollution control strategies. As to these issues, the District Judge, citing *Mumford Cove Association, Inc. v. Town of Groton*, 786 F.2d 530, 535 (2d Cir.1986), ruled that API had not demonstrated a sufficient interest not already adequately represented by existing parties to the lawsuit.

API challenges that conclusion, relying on *New York Public Interest Research Group, Inc. v. Regents of the University of the State of New York*, 516 F.2d 350 (2d Cir.1975) (*NYPIRG*). That was a suit challenging the constitutionality of New York's ban on advertising the prices of prescription drugs. We allowed a trade association of pharmacists to intervene in support of the state legislation on the ground that the association was asserting an interest different from that of New York. API contends that in this suit it too has an interest different from that of New York. API's interest, it urges, is economic, whereas the State's interest is governmental.

 We think API misperceives the concept of an interest "adequately represented" within the meaning of Rule 24. A putative intervenor does not have an inter-

est not adequately represented by a party to a lawsuit simply because it has a motive to litigate that is different from the motive of an existing party. So long as the party has demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions, a district judge does not exceed the bounds of discretion by concluding that the interests of the intervenor are adequately represented. *NYPIRG* presented a significantly different situation. The pharmacists had not merely a motive to defend the challenged state statute that differed from that of New York; they had an interest that motivated them to assert a justification for the statute that was entirely different from the justification relied upon by the State. The pharmacists sought to assert as the compelling interest that justified the advertising ban the " 'continued existence of independent local drugstores by the prevention of destructive competition through advertising.' " 516 F.2d at 352 (quoting *Urowsky v. Board of Regents*, 76 Misc.2d 187, 190, 349 N.Y.S.2d 600, 603 (Sup.Ct., Albany Cty., 1973), *aff'd*, 46 A.D.2d 974, 362 N.Y.S.2d 46 (3d Dep't 1974)). We recognized in *NYPIRG* that the pharmacists would make a more vigorous presentation of the economic side of the argument than would the Board of Regents that promulgated the ban, 516 F.2d at 352. The Regents were seeking to justify the ban primarily because of the health interests of the consumers in not being deflected from high quality medicine by the prospect of low prices. The Regents acknowledged that their interests may differ from those of the pharmacists.

█ In this case API may be motivated to defend the plaintiffs' suit because of economic interests not necessarily shared by the state and federal defendants, but there has been no showing that the nature of those economic interests is related to colorable legal defenses that the public defendants would be less able to assert. *See United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir.1978). The fact that API wishes to advance contentions the existing defendants apparently believe are unavailing does not require API's intervention where no nexus exists between the interest asserted and the contentions sought to be put forth. Moreover, though this is not a case where a governmental entity is suing as *parens patriae, see United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968 (2d Cir.1984), the fact that the suit is being defended by the combined legal forces of the United States and the State of New York weighs against a conclusion that Judge Lasker exceeded his discretion in concluding that the interests of API are adequately represented, *see id.* at 984–85.

Finally, there can be no serious contention that the District Judge exceeded his broad discretion in declining to permit permissive intervention under Rule 24(b).

The order of the District Court is affirmed.