NEW YORK PUBLIC INTEREST RESEARCH GROUP, INC., et al., Plaintiffs-Appellees,

v.

The REGENTS OF the UNIVERSITY OF the STATE OF NEW YORK et al., Defendants-Appellees.

Pharmaceutical Society of the State of New York, Inc., et al., Applicants for Intervention-Appellants.

No. 436, Docket 74–2260.

United States Court of Appeals, Second Circuit.

Argued Dec. 16, 1974.

Decided March 17, 1975.

Alan I. Boockvar, Woodmere, N. Y. (David Goldberg, Woodmere, N. Y., on the brief), for applicants for intervention-appellants.

Dennis A. Kaufman, Albany, N. Y., for plaintiffs-appellees.

Robert D. Stone, Albany, N. Y. (Donald O. Meserve, Albany, N. Y., on the brief), for defendants-appellees.

Before FRIENDLY, TIMBERS and GURFEIN, Circuit Judges.

PER CURIAM:

The Pharmaceutical Society of the State of New York, Inc. and three individual pharmacists appeal from an order entered in the Northern District of New York, Edmund Port, *District Judge,* denying their motion for leave to intervene in an action brought by consumers against the Regents of the University of the State of New York to enjoin enforcement of a statewide regulation promulgated by the Regents which prohibits advertising the price of prescription drugs. For the reasons below, we reverse and remand with instructions.

The dispositive issue is whether appellants are entitled to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2). We hold that they are.[1]

Clearly the pharmacists have an interest in the transaction which is the subject of the action regardless of the intent of the Regents in promulgating the regulation.[2] There can be little

---

1. A denial of leave to intervene as of right is appealable to this court as an appeal from a final order, 28 U.S.C. § 1291 (1970). SEC v. Everest Management Corp., 475 F.2d 1236, 1238 n. 2 (2 Cir. 1972); Ionian Shipping Co. v. British Law Insurance Co., 426 F.2d 186, 189 (2 Cir. 1970); Nuesse v. Camp, 385 F.2d 694, 699 n. 2 (D.C.Cir. 1967). Appeal lies to the court of appeals rather than to the Supreme Court even when the denial was by a three-judge court. Francis v. Chamber of Commerce, 481 F.2d 192, 194 (4 Cir. 1973); Gonzalez v. Automatic Employees Credit Union, 419 U.S. 90 (1974). This must also be true when, as here, the denial was by a single judge who is a member of a three-judge court, acting pursuant to 28 U.S.C. § 2284(5) (1970).

2. The regulation, promulgated by the Regents pursuant to N.Y. Education Law §§ 6506(1) and 6509(9) (McKinney 1972), provides in relevant part:

> "Unprofessional conduct in the practice of pharmacy . . . shall include but shall not be limited to the following:
>
> \* \* \*
>
> (c) advertising of fixed fees or prices for professional services or the use of words 'cut rate', 'discount' or other words having a similar connotation in connection with the offering of professional services by a pharmacist, the owner of a pharmacy or by a person, group or organization in behalf of and with the permission of a pharmacist or the owner of a pharmacy . . . ." 8 N.Y.C.R.R. § 63.3(c) (1972).

doubt that the challenged prohibition against advertising the price of prescription drugs, which is claimed to result in consumer ignorance as to where such drugs can be purchased at the cheapest price, affects the economic interests of members of the pharmacy profession. Pharmacists also have an interest in a regulation which they claim is designed to encourage "the continued existence of independent local drugstores by the prevention of destructive competition through advertising . . . ." (citation omitted) Urowsky v. Board of Regents, 76 Misc.2d 187, 190, 349 N.Y.S.2d 600, 603 (Sup. Ct., Albany Co., 1973), aff'd, 46 App.Div.2d 974, 362 N.Y.S.2d 46 (3d Dept. 1974). Pharmacists also have an interest in the action as professionals since any lifting of the prohibition against advertising prescription drug prices might well lead to significant changes in the profession and in the way pharmacists conduct their businesses. Moreover, the fact that one of the reasons for promulgating the regulation was concern for consumer interests such as deterring consumer purchases of antagonistic or deteriorated prescription drugs does not mean that pharmacists do not also have interests at stake. See Annot., "Validity of Statute or Ordinance Forbidding Pharmacists to Advertise Prices of Drugs or Medicines", 44 A.L.R.3d 1301, 1303 (1972). Indeed, the Regents acknowledge that protecting the economic interests of certain pharmacists is one basis for sustaining the regulation. With respect to the association of pharmacists, we hold that it has a sufficient interest to permit it to intervene since the validity of a regulation from which its members benefit is challenged. See General Motors Corp. v. Burns, 50 F.R.D. 401 (D.Hawaii 1970).

**3.** This condition, suggested by Regents' counsel, was agreed to by appellants' counsel at oral argument before us. In the ninth defense appellants alleged that to permit the advertising of the fees charged by pharmacists but not the fees charged by those in other professions would constitute a denial of due process under the Fourteenth Amendment.

We think it likewise is clear that the pharmacists and the association are so situated that the disposition of the action may as a practical matter impair or impede their ability to protect their interests. We are not persuaded by the contention of plaintiffs that the pharmacists may protect their interests after an adverse decision in the instant case by attacking any new regulation on constitutional, antitrust or unfair competition grounds. Such contention ignores the possible stare decisis effect of an adverse decision.

Finally, we hold that, while it is a closer question, the interests of the pharmacists and the association are not adequately represented by existing parties. Specifically, we are satisfied that there is a likelihood that the pharmacists will make a more vigorous presentation of the economic side of the argument than would the Regents. Indeed, the Regents acknowledge that the pharmacists should have an opportunity to make their own arguments to protect their own interests as pharmacists since, as the Regents admit, their interests "may significantly differ" from those of the pharmacists. We agree.

Since we conclude that appellants have satisfied each of the requirements of Rule 24(a)(2) for intervention as of right, we reverse the order of the district court and remand with instructions to permit appellants to intervene upon the condition that they consent to the striking of the ninth defense in their proposed answer.[3]

Reversed and remanded with instructions.

The order appealed from did grant leave to appellants to participate as amicus curiae. They nevertheless are entitled to insist upon intervention, to which we hold they have a right.

Having so held, it is unnecessary for us to reach appellants' alternative claim that the district court's denial of permissive intervention was an abuse of discretion.