**EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff-Appellee,**

**Raymond Flores et al.,
Plaintiffs-Intervenors-Appellants,**

**v.**

**UNITED AIR LINES, INC., et al.,
Defendants-Appellees.**

No. 74–1960.

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1975.

Decided May 12, 1975.

Drucilla S. Ramey, San Francisco, Cal;, Alan Dockterman, Chicago, Ill., for plaintiffs-intervenors-appellants.

Sheldon M. Charone and Sherman Carmell, William A. Widmer, III, James W. Gladden, Jr., and Henry F. Field, Chicago, Ill., Gerald D. Letwin, William A. Carey, Equal Employment Opportunity Commission, Washington, D. C., Irving M. Friedman and Michael B. Erp, Chicago, Ill., Robert S. Savelson, New York City, for appellees.

Before FAIRCHILD, Chief Judge, and PELL and TONE, Circuit Judges.

TONE, Circuit Judge.

This is an appeal from a District Court order denying intervention in an action brought by the United States against United Air Lines, Inc. and five unions that have negotiated collective bargaining agreements with United. The government's complaint charges defendants with engaging in a nationwide pattern and practice of discrimination in violation of Title VII of the Civil Rights Act of 1964. The applicants for intervention, appellants here, are two organizations interested in furthering the equal employment opportunities for Asian Americans and seven employees of United who are either Asian Americans or have Spanish surnames. The District

Court denied the motion to intervene as untimely. Finding no abuse of discretion, we affirm.

The original complaint, filed under section 707 of the Act, 42 U.S.C. § 2000e–6, by the Attorney General of the United States on April 16, 1973, charged defendants with discrimination against female and black employees and applicants for employment. The government amended the complaint in February 1974 to include allegations of discrimination against Spanish-surnamed and Asian-American employees and applicants for employment on the basis of their national origin. Almost five months later, on July 19, 1974, the appellants filed their motion to intervene as of right, or, in the alternative, by permission, seeking to represent the interests of the groups who were the subject of the amendment to the complaint. The allegations of their proposed complaint in intervention are similar to those added by the government's amended complaint but also specifically charge that united uses, for hiring and promotion of employees, tests requiring English language skill that is not required for the work involved and is therefore not a bona fide occupational requirement, a contention which the Commission does not intend to pursue but which the appellants say is "[o]f chief concern" to them.

By the time the motion to intervene was filed, discovery had been formally closed (although some discovery was completed after that time) and the case had been placed on the final pretrial calendar. In denying the application as untimely, the District Court observed that discovery was nearly completed and the case was "on the eve of trial," that appellants would want additional discovery if their intervention was to have any value, that allowing intervention would delay the trial, and that the government's representation of the applicants' interests was adequate. As it turned out, the trial has been postponed from time to time while the parties engaged in settlement negotiations and prepared pretrial stipulations of several hundred pages and is now scheduled to commence this month. Meanwhile, the appellants did nothing to expedite the appeal. On the contrary, they delayed filing their notice of appeal until September 12, 1974, fifty-five days after the entry of the order denying intervention; obtained an extension of the time for transmitting the record on appeal until November 21, 1974; and filed a successful motion for an extension of the time for filing their brief until January 20, 1975, which was over six months after denial of their motion to intervene. The reasons given in support of the latter motion suggest that the District Court was right in believing that the addition of appellants as parties would delay the trial. These reasons were that primary counsel's office was severely understaffed and inconveniently located in San Francisco, so special research counsel had to be engaged in Chicago to analyze and transmit the relevant parts of the voluminous record to San Francisco, and also that the brief would require the approval of associate counsel located in three states.

The appellants concede that they knew of the amendment of the complaint and its possible effect on their interests in early March 1974, yet offer no excuse for the delay in filing their motion. Defendants argue that the appellants knew as early as December 1973 that the government intended to amend, because the decision to amend the complaint followed requests by counsel for the appellants that the government raise the additional issues in the case. Since no hearing was held in the District Court concerning the motion to intervene, we are not able to determine when intervenors actually learned of the amendment, but for the purposes of our review we will assume knowledge dating from February 25, 1974, when the amended complaint was filed.

Both aspects of the District Court's order, denial of intervention as

of right and denial of permissive intervention, are appealable. The Reedsburg Bank v. Apollo, 508 F.2d 995, 997 (7th Cir. 1975).

■ Rule 24 requires that an application to intervene under either section (a), intervention of right, or section (b), intervention by permission, be timely filed. Denial of intervention for untimeliness lies within the sound discretion of the court, and is subject to review only for abuse of that discretion. N.A.A.C.P. v. New York, 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). In general, whether denial is appropriate depends on the length of time during which the proposed intervenors knew of their interest in the case but failed to move to intervene, and the harm or prejudice to existing parties, including trial delay, that results from failure to move promptly. McDonald v. E. J. Lavino Co., 430 F.2d 1065, 1073 (5th Cir. 1970); Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1125 (5th Cir. 1970), cert. denied sub nom., Trefina A. G. v. United States, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). On the other hand, it is also necessary to consider the significance of the impact on the rights of the proposed intervenors, should the motion be denied on the ground of untimeliness. For the interests of an intervenor who qualified under Rule 24(a) for intervention of right would be far more seriously impaired by denial of intervention on the ground of untimeliness than those of an intervenor only qualifying to intervene by permission under Rule 24(b). The weight to be accorded the untimeliness of the filing for intervention in deciding whether to deny the intervention thus depends in part on what type of intervention is involved. See McDonald v. E. J. Lavino Co., *supra*, 430 F.2d at 1073; 3B J. Moore, Federal Practice ¶ 24.13[1] at 522 (2d ed. 1970); 2 Barron & Holtzoff, Federal Practice and Procedure § 594 at 366 (Wright ed. 1969); Wright, Federal Courts § 75 at 330 (2d ed. 1970); Note, The Requirement of Timeliness Under Rule 24 of the Federal Rules of Civil Procedure, 37 Va.L.Rev. 863, 867 (1951).

■ In the instant case, the appellants claim a statutory right to intervene, relying on section 706(f)(1) of the Act, 42 U.S.C. § 2000e–5(f)(1). Section 706 describes the procedure for filing a complaint with the Commission, and pursuing that claim into federal court after administrative proceedings are completed. Certain "persons aggrieved" by discriminatory conduct who have not been able to effect conciliation through administrative proceedings may file a complaint in federal court, or intervene if the Commission has already begun suit. See United States v. Allegheny-Ludlum Industries, 63 F.R.D. 1, 4 (N.D.Ala.1974); see also E. E. O. C. v. Missouri Pacific R. Co., 493 F.2d 71, 74 (8th Cir. 1974). This action was not brought under section 706, however, but under section 707, which provides only for suits to be brought in federal court by the Attorney General, contains no requirement for exhaustion of administrative remedies, and gives no explicit right of intervention to private parties. The claims of the appellants, with the exception of Flores, were not the subject of administrative proceedings, and did not follow the route prescribed by section 706. The statutory right of intervention that attaches by virtue of section 706 is therefore not applicable to these claims. This conclusion is not altered by the fact that prosecution of the case was turned over to the EEOC as required by section 707(c) of the Act, 42 U.S.C. § 2000e–6(c), and the Commission was substituted for the United States as plaintiff. The case remained one that was brought under section 707 and not section 706.

■ The Flores claim was the subject of section 706 administrative hearings. The issues he could raise if he intervened here, however, would be necessarily limited to those concerning the circumstances of his complaint, and he could not introduce broader questions that were not raised by the facts of his case. Intervenors have not made any showing or even argued that the narrow interests Flores has in the litigation will not be

adequately represented by the United States or that he will be in any way prejudiced by denial of intervention for untimeliness.

Intervenors also claim a right to intervene under Rule 24(a)(2), contending that adjudication of the issues of the present suit will cause substantial impairment, as a practical matter, of their ability to prosecute at some later time their own action challenging the legality of the allegedly discriminatory linguistic requirement. They argue that another court would tend to assume that the reason the Commission did not raise this issue was that it lacked merit. Furthermore, they argue that the Commission's failure to press the issue in this case demonstrates the inadequacy of its representation of the interests advocated by intervenors.

■ The existing parties have assured this court on oral argument that they will not attempt to argue in any subsequent action in which appellants challenge United's language requirement that the argument was rejected or discredited in the instant suit. The Commission indeed has attacked United's tests as discriminatory, but for other reasons. The appellants' challenge to the language requirement is thus not foreclosed. And as to the issues actually involved in the present litigation, we find no abuse of discretion in the District Court's conclusion that the appellants' interests are adequately represented. The District Court did not err in determining that they are not entitled to intervene as of right.

■ Turning to the alternative request for permissive intervention under Rule 24(b)(2), the requirement of timeliness tends to merge with the other criterion stated in the rule, viz., "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." See McDonald v. E. J. Lavino Co., supra, 430 F.2d at 1073. By the time the appellants' motion was filed, discovery had been ordered closed, the final pretrial conference had been held, and hundreds of depositions, comprising thousands of pages of transcript, had been completed. The District Court thought the case ready for trial. The District Court's view that allowing intervention would result in delaying the trial has to be judged as of the time the motion was ruled upon, but it seems likely even now that the addition of appellants as parties would have made it more difficult, if not impossible, to try the case at the time now set. In this connection, the appellants' unhurried prosecution of their appeal and the reasons they gave in seeking an extension of time for filing their brief are not irrelevant. Equally important, the failure to prosecute the appeal expeditiously made it impossible for us to set the oral argument until our April session. Meanwhile, the parties have not only completed discovery but have prepared lengthy pretrial stipulations, which would undoubtedly have to be reviewed in detail with the appellants if they came into the case. Appellants also say they need discovery. If we were to order intervention now, the case could not be tried in May 1975, when it is now scheduled to be tried.

In light of all of the circumstances of this case, we conclude that it was not an abuse of the District Court's discretion to deny the motion for intervention.

Affirmed.