579 F.2d 188
 UNITED STATES POSTAL SERVICE, Plaintiff,
and
National Association of Letter Carriers,
Plaintiff-Intervenor-Appellant,
v.
Patricia H. BRENNAN and J. Paul Brennan d/b/a P. H. Brennan
Hand Delivery, Defendants-Appellees.
 No. 476, Docket 77-6130.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 14, 1977.
Decided June 7, 1978.
 
 Peter J. Carre, Washington, D. C. (Mozart G. Ratner, Washington, D. C., of counsel), for plaintiff-intervenor-appellant.
 James M. Hartman, Rochester, N. Y. (Michael C. Normoyle, Rochester, N. Y., of counsel), for defendants-appellees.
 Before OAKES and VAN GRAAFEILAND, Circuit Judges, and BARTELS, District Judge.*
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 This is an appeal from an order of the United States District Court for the Western District of New York denying a Rule 24 application to intervene. We affirm.
 
 
 2
 In February 1977, Patricia Brennan and J. Paul Brennan, a young couple in Rochester, New York, undertook the somewhat awesome task of disputing with the United States Postal Service the constitutionality of the Private Express Statutes and applicable Postal Service Regulations. 18 U.S.C. §§ 1693-99, 1724; 39 U.S.C. §§ 601-06; 39 C.F.R. §§ 310, 320. The dispute arose out of the Service's action seeking permanently to enjoin the Brennans from running a small mail delivery business in the downtown Rochester area.
 
 
 3
 The only issue raised by the pleadings was one of law. The Brennans admitted the material facts alleged in the complaint and predicated their defense solely on the asserted unconstitutionality of the statutes. The case was therefore an appropriate one for summary judgment, and plaintiff moved for that disposition. At the time plaintiff's motion was made, the district court was considering an application to intervene filed by the National Association of Letter Carriers (NALC), a national labor union which acts as the bargaining agent for some 200,000 employees of the Postal Service. Following plaintiff's motion, the district court denied the application to intervene and thereafter granted summary judgment in favor of the Postal Service.[1]
 
 
 4
 Although we affirm the order denying intervention, we do not agree with the district court that NALC had no standing to assert its proposed claim. "(T)he question of standing in the federal courts is to be considered in the framework of Article III which restricts judicial power to 'cases' and 'controversies.' " Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 151, 90 S.Ct. 827, 828, 25 L.Ed.2d 184 (1970); See also Sierra Club v. Morton, 405 U.S. 727, 732, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). The existence of a case or controversy having been established as between the Postal Service and the Brennans, there was no need to impose the standing requirement upon the proposed intervenor. See Trbovich v. United Mine Workers, 404 U.S. 528, 536-39, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972); Hodgson v. United Mine Workers, 153 U.S.App.D.C. 407, 473 F.2d 118 (1972); See also Shapiro, Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators, 81 Harv.L.Rev. 721, 726-29 (1968) (cited with approval in Trbovich, 404 U.S. at 536 n.7, 92 S.Ct. 630 and in United States v. Board of School Commissioners, 466 F.2d 573, 577 (7th Cir. 1972)).
 
 
 5
 We agree with the district court, however, that NALC was not entitled to intervene as a matter of right under Rule 24(a)(2), and we find no abuse of the district court's discretion in denying permissive intervention under Rule 24(b) (2).
 
 
 6
 In order to establish its right to intervene under Rule 24(a)(2), NALC had to establish that its application was timely, that it had an interest in the subject of the action, that disposition of the action might as a practical matter impair its interest, and that representation of its interest by existing parties might be inadequate. See 7A C. Wright & A. Miller, Federal Practice and Procedure § 1909 & Supp.1977. Because NALC failed to show any inadequacy of representation and because this failure is dispositive of this appeal, we see no need to address the other requirements of the Rule.
 
 
 7
 An applicant for intervention as of right has the burden of showing that representation may be inadequate, although the burden "should be treated as minimal." Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10, 92 S.Ct. 630 (1972). The applicant must at least overcome the presumption of adequate representation that arises when it has the same ultimate objective as a party to the existing suit. Commonwealth of Virginia v. Westinghouse Electric Corp., 542 F.2d 214, 216 (4th Cir. 1976); Ordnance Container Corp. v. Sperry Rand Corp., 478 F.2d 844, 845 (5th Cir. 1973). The issue before the district court was strictly one of law either the challenged statutes were constitutional or they were not. The Postal Service has been represented throughout by the United States Attorney for the Western District of New York pursuant to 39 U.S.C. § 409(d).[2] Appellants did not contend that the United States Attorney's Office would not advance all of the appropriate legal arguments in favor of constitutionality. Moreover, the Postal Service, a semi-private corporation, had as direct a legal and economic interest in the constitutionality of its monopoly as did NALC.
 
 
 8
 In a case which was an obvious candidate for summary judgment, there was no question of a possible conflict in trial strategies. The argument by NALC that it would have sought preliminary injunctive relief where the Postal Service did not is unpersuasive. Irreparable injury is the sine qua non for the grant of preliminary injunctive relief. See Sampson v. Murray, 415 U.S. 61, 88, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974); Oburn v. Shapp, 521 F.2d 142, 150-51 (3d Cir. 1975). Such loss of income as appellant's 200,000 members conceivably might have sustained as a result of the Brennan's small operation hardly rises to the stature of irreparable injury. Sampson, 415 U.S. at 90, 94 S.Ct. 937; Oburn, 521 F.2d at 151. The fact that this Court has twice granted a stay of the district court's permanent injunction order in the face of NALC's argument of irreparable harm indicates that this argument is without substance. Moreover, we fail to see what NALC would have gained by intervening and superimposing a motion for a preliminary injunction upon the Postal Service's motion for summary judgment which was intended to secure the same relief.
 
 
 9
 Determination of the adequacy of existing representation necessarily involves an assessment of factors which are within the discretion of the district court. Rios v. Enterprise Association Steamfitters Local Union # 638, 520 F.2d 352, 355 (2d Cir. 1975); Chance v. Board of Education, 496 F.2d 820, 826 (2d Cir. 1974). We find no abuse of that discretion in this case.
 
 
 10
 Permissive intervention is wholly discretionary with the trial court. The principal consideration set forth in the Rule is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." The court also will consider whether the applicant will benefit by intervention. See generally 7A Wright and Miller, Supra, § 1913. Other relevant factors "include the nature and extent of the intervenors' interests," whether their interests are "adequately represented by the other parties," and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." Spangler v. Pasadena City Board of Education, 552 F.2d 1326, 1329 (9th Cir. 1977) (footnote omitted). The decision of the trial court may only be disturbed for clear abuse of discretion. 7A Wright & Miller, Supra, § 1923 at 630. The trial court's discretion is very broad; indeed, we have not found a single case in which a denial of permissive intervention under Rule 24(b) was reversed solely for an abuse of discretion. We see no reason to start with this case.
 
 
 11
 The decision of the trial court is affirmed.
 
 OAKES, Circuit Judge (dissenting):
 
 12
 I dissent. I believe that intervention should have been permitted as of right.
 
 
 13
 Rule 24(a) permits intervention of right when an applicant has complied with the Rule's four elements.[1] To satisfy Rule 24(a) NALC must have established (a) timely application, (b) interest in the litigation, (c) threat of impairment to its interest in the litigation and (d) inadequate representation of that interest by the existing parties.
 
 
 14
 There is no question that NALC acted expeditiously in seeking intervenor status. Timeliness is a function of two factors (a) length of time that the applicant knew of his interest but failed to intervene and (b) prejudice to existing parties from failure to move promptly to intervene. See Equal Employment Opportunity Commission v. United Air Lines, Inc., 515 F.2d 946, 949 (7th Cir. 1975). NALC sought to intervene within three weeks after the Brennans answered the Postal Service's complaint. And the Brennans did not claim prejudice on timeliness grounds. Clearly, NALC's application was timely.
 
 
 15
 NALC also has an undeniable interest in the litigation; that is, a "significantly protectable interest." Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). Enforcement of the Private Express Statutes, and consequently of the congressionally established governmental monopoly on the conveyance of letter mail, enhances the protection of a substantial economic interest of NALC's members. The loss of revenue to the Postal Service through the diversion of business to the Brennans' delivery service and the potential proliferation of such private services might well threaten the continued financial strength of the Postal Service and ultimately the job and financial security of NALC's members. See New York Public Interest Research Group, Inc. v. Regents of the University of the State of New York, 516 F.2d 350, 352 (2d Cir. 1975) (per curiam) (recognizing economic interest as protectable for purpose of intervention of right). Moreover, in National Association of Letter Carriers v. Independent Postal System of America, Inc., 470 F.2d 265, 269-70 (10th Cir. 1972), the Tenth Circuit Court of Appeals found that the economic injury in fact which would accrue from failure to enforce the Private Express Statutes was sufficient to confer standing to sue on NALC to enforce those laws. A fortiori, the union's interest in the current litigation is sufficient for purposes of intervention.
 
 
 16
 The third showing that NALC must make to obtain intervention of right is that an unfavorable disposition of the action may impair the union's ability to protect its interest in the litigation. The union need not show that substantial impairment of its interest will result, Nuesse v. Camp, 128 U.S.App.D.C. 172, 179-81, 385 F.2d 694, 701-02 (1967), nor, from the language of the Rule, that impairment will Definitely ensue from an unfavorable decision. Rather, the applicant for intervention need only show that the disposition "May . . . impair or impede his ability to protect (his) interest." Fed.R.Civ.P. 24(a)(2) (emphasis added). One basis for finding impairment is the Stare decisis effect flowing from an adverse decision, a danger which conceivably threatened NALC in this case. See New York Public Interest Group, Inc. v. Regents of the University of the State of New York, supra, 516 F.2d at 352; Nuesse v. Camp, supra, 128 U.S.App.D.C. at 781, 385 F.2d at 702.
 
 
 17
 Finally, while it is a somewhat closer question, I conclude that the interests of NALC are not adequately represented by the Postal Service. See New York Public Interest Research Group, Inc. v. Regents of the University of the State of New York, supra, 516 F.2d at 352. This requirement of Rule 24(a)(2) is met upon making a minimal showing "that representation of (one's) interest 'May be' inadequate."[2] Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10, 92 S.Ct. at 636 (1972) (emphasis added). In this case, the Postal Service's representation of NALC's interest may be inadequate. While both the Postal Service and NALC seek to preserve the governmentally protected monopoly over the delivery of letters, their interests may not be identical. As in New York Public Interest Research Group, Inc. v. Regents of the University of the State of New York, supra, 516 F.2d at 352, NALC might "make a more vigorous presentation of the economic side of the argument" insofar as the delivery service affects the economic rights of union members, whereas the Postal Service's perspective is more likely to be management-oriented. The union's somewhat different vantage point might also lead to differences in litigation strategy. For example, NALC's complaint in intervention requested preliminary injunctive relief, a request not made by the Postal Service in its complaint. I conclude, therefore, that NALC has made the minimal showing of inadequate representation required by Trbovich.[3]
 
 
 18
 Having satisfied the requisites of Rule 24(a), NALC should have been permitted to intervene. I would reverse the judgment.
 
 
 
 *
 Of the Eastern District of New York, sitting by designation
 
 
 [1]
 Summary judgment was affirmed by another panel of this Court on appeal. United States Postal Service v. Brennan, Docket No. 78-6002, slip op. 2491 (2d Cir. Apr. 13, 1978), Petition for rehearing filed (May 3, 1978). NALC was permitted to participate as amicus in the briefing and argument of that appeal. Because application for rehearing has been filed and the time to petition for certiorari has not expired, the case has not reached final judgment, See Bradley v. School Board, 416 U.S. 696, 711 n.14, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), and the issue of intervention is not moot. NALC has not waived its right to participate in a further appeal or in the re-trial in the event of a reversal by the Supreme Court
 
 
 [2]
 39 U.S.C. § 409(d) provides in part that "(t)he Department of Justice shall furnish . . . the Postal Service such legal representation as it may require . . .."
 
 
 [1]
 Rule 24(a) provides in relevant part:
 Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 Fed.R.Civ.P. 24(a).
 
 
 [2]
 The policy of liberalizing the right to intervene in federal actions is reflected in the change of language of Rule 24(a) in 1966. As Judge Leventhal explained:
 The prior text of Rule 24 spoke in terms of whether representation by existing parties "is or may be inadequate." The present rule provides for intervention "unless the applicant's interest is adequately represented by existing parties."
 While the change in wording does not relate to any change in standard as such, it underscores both the burden on those opposing intervention to show the adequacy of the existing representation and the need for a liberal application in favor of permitting intervention.
 Nuesse v. Camp, 128 U.S.App.D.C. 172, 180, 385 F.2d 694, 702 (1967). See 7A C. Wright & A. Miller, Federal Practice and Procedure § 1909, at 519-22 (1972).
 
 
 [3]
 The fact that the Postal Service prevailed on its motion for summary judgment, See note 1 of majority opinion, does not mean that its representation of NALC's interests was automatically made adequate. Adequacy must be measured at least in part by the relationship between the applicant for intervention and the plaintiff, and not solely by plaintiff's success to date in the litigation or by hindsight. The test of adequacy is the Potential divergence of interest between NALC and the Postal Service as of the time intervention is sought
 Whether NALC would have been entitled to a preliminary injunction is a question not before us; it was not permitted to intervene and to make a showing of such entitlement. I fail to see, therefore, how the majority can argue that its claim to such was "without substance," as well as how preliminary injunctive relief is the same as permanent injunctive relief.