WENTWORTH, Judge.
These appeals are from an order of the hearing officer which denied motions to intervene in a rule challenge proceeding instituted by the County of Manatee. They are considered as petitions from nonfinal agency action. The issue presented is whether a party can intervene in a rule challenge proceeding on behalf of the agency. We reverse.
The order appealed states that the purpose of a rule challenge proceeding is solely to determine whether or not the rule lacks statutory authority or was not properly promulgated in accordance with the Administrative Procedure Act. The hearing officer reasoned that if a third party had no legal right to the continued existence of any rule, then the party should not have standing to intervene in a proceeding challenging the rule. The order states that to allow intervention in support of an agency’s rule would be to acknowledge a right held by a private litigant to dictate what an agency’s policy should be. The order permits the appellant corporations to participate as ami-cus curiae but denies the petitions to intervene.
Appellants argue the hearing officer applied an improperly restrictive test in determining petitioners’ standing to intervene in the proceeding. Section 120.56(5) states:
Hearings held under this provision shall be conducted in the same manner as provided in s. 120.57 .... The Petitioner and the agencies whose rule is attacked shall be adversary parties. Other substantially affected persons may join in the proceedings as parties or intervenors on appropriate terms which shall not unduly delay the proceedings.
Petitioners have alleged that their substantial interests will be affected and have also alleged that they are parties as defined by § 120.52(10), Florida Statutes. Rule 221-2.13, F.A.C., permits any “person” to intervene in any adversary proceeding before the Division. The law implemented by *753 the Division’s rule on intervention includes § 120.56. Further, model Rule 25-5.207 permits intervention by persons who have a substantial interest in the proceedings.
Courts in other jurisdictions have determined the analogous issue of whether a person may properly intervene in support of the validity of a statute or ordinance which another party seeks to invalidate. In New York P.I.R.G., Inc. v. Regents of the University of the State of New York, 516 F.2d 350 (2d Cir. 1975), the appellate court held that an association of pharmacists should be permitted to intervene in support of the validity of a challenged regulation which prohibited the advertising of the price of prescription drugs. In State ex rel. Westlake v. District Court of First Judicial District, 119 Mont. 222, 173 P.2d 896 (1946), the court concluded that dairymen and others should be permitted to intervene in a proceeding attacking the constitutionality of an oleomargarine licensing tax statute because the statute was passed for the benefit of the intervenors. Petitioners also note that in several instances courts and hearing officers have permitted parties to intervene in support of the validity of a challenged provision although the opinion does not disclose that the propriety of the intervention was specifically considered by the court or hearing officer. See, Agrico Chemical Co. v. State of Florida Department of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978).
Respondents Manatee County and Mana-sota-88 argue that the court should look at the procedural context in which the order under review is entered. Nine separate petitions for leave to intervene in support of the rule have been filed by four business associations, 35 individual business corporations and one municipality. At least one of these intervenors has directed voluminous amounts of discovery to Manatee County. In reply, petitioners state that the order appealed does not indicate that intervention was denied to prevent the proceedings from being unduly delayed. Petitioners also argue that they have not in any way delayed the proceedings but were willing to defend the rule challenge on its original schedule.
The order of the hearing officer is quashed because we conclude that § 120.-56(5) does not limit participation in a rule challenge proceeding to those parties seeking to intervene on behalf of the petitioner. All parties to this appeal have requested that we remand the proceedings with instructions to grant their petitions to intervene as party respondents “subject to ... proof at the final hearing of disputed factual matters, if any, relating to standing.” We find no necessity for this court’s determination of whether any of the corporations is a substantially affected person. Our reversal of the hearing officer’s order should not be construed as limiting in any way the hearing officer’s authority to control the rule challenge proceedings. Section 120.56(5) provides that substantially affected persons may join the proceedings as parties or intervenors “on appropriate terms which shall not unduly delay the proceedings.”
Reversed and remanded for further proceedings consistent herewith.
McCORD and LARRY G. SMITH, JJ., concur.