**NATIONAL WILDLIFE FEDERATION, et al., Plaintiffs,**

v.

**William D. RUCKELSHAUS, et al., Defendants.**

**Civ. A. No. 82–4314.**

United States District Court, D. New Jersey.

Aug. 5, 1983.

Fischer & Kagan by Michael Zaretsky, Ellen Horowitz, Clifton, N.J., for plaintiffs.

Carella, Byrne, Bain & Gilfillan by Charles Carella, Richard E. Kummer, Robert E. Rochford, Newark, N.J., Moses & Toskos by Stephen J. Moses, Hackensack, N.J., Wilentz, Goldman & Spitzer by John A. Hoffman, Milton B. Conford, Woodbridge, N.J., Minish & Williams by George J. Minish, West Orange, N.J., Robert L. Sheldon, Roselle Park, N.J., Raymond G. Tomaszewski, Linden, N.J., for defendants "Authorities".

Charles M. Oberly, III, Atty. Gen. State of Del. by Bartholomew J. Dalton, Chief Deputy Atty. Gen., Wilmington, Del., for proposed intervenor.

## OPINION

CLARKSON S. FISHER, Chief Judge.

The State of Delaware, by and through its Attorney General, has moved before this court to intervene as plaintiff as a matter of right, pursuant to Fed.R.Civ.P. 24(a), in this action. Since Delaware does not meet the requirements for intervention of right or permissive intervention, its motion to join the pending litigation as an intervening plaintiff is denied.

Plaintiffs in the present action seek declaratory and injunctive relief from the court, alleging that defendants' continued dumping of excessive amounts of toxic materials in sewage sludge in the Atlantic Ocean area known as the New York Bight violates applicable provisions of the Marine Protection, Research, and Sanctuaries Act and the Federal Water Pollution Control Act. This action has been pending before the court since December 22, 1982, and numerous motions of the parties were heard on July 11, 1983, after being postponed for at least three months.

On June 16, 1983, the State of Delaware filed its motion to intervene, alleging essentially the same facts and violations as the parties plaintiff. Claiming that "the papers filed herewith on behalf of the citizens of the State of Delaware speak for themselves and provide the authorities necessary for the Court's consideration of the Motion," the state decided not to file a brief in support of its motion. However, the papers filed do not lead this court to conclude that intervention is appropriate in the present case.

Delaware asserts the ability to intervene in the pending action as a matter of right, pursuant to 33 U.S.C. § 1365(b), which states in pertinent part

[n]o action may be commenced—

(1) under subsection (a)(1) of this section—

. . . .

(B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States

any citizen may intervene as a matter of right.

Delaware's claim must be evaluated in light of Fed.R.Civ.P. 24(a) which provides that

> [u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Delaware seeks to bring its motion within the purview of rule 24(a)(1) by grounding its motion on 33 U.S.C. § 1365(b)(1)(B). It is well settled that a state is a citizen within the meaning of this section and thus authorized to bring suit. *Commonwealth of Massachusetts v. United States Veterans Administration*, 541 F.2d 119, 121 (1st Cir. 1976). However, Delaware overlooks the remaining provisions of section 1365 in its hurried quest to join the present action. Section 1365(g) defines citizen, as it is used in the section, as "a person or persons having an interest which may be adversely affected." Therefore, it must be determined whether the State of Delaware has a sufficient interest in this case to be considered a ·citizen within the meaning of section 1365(g). *People of State of Illinois v. Outboard Marine Corp.*, 619 F.2d 623, 630–31 (7th Cir.1980), *vacated and remanded on other grounds*, 453 U.S. 917, 101 S.Ct. 3152, 69 L.Ed.2d 1000 (1981).

Delaware claims a vital interest in stopping ocean dumping at the New York Bight site since the Environmental Protection Agency (EPA) is currently considering designation of a new dump site 106 miles off the Delaware coast. Delaware further claims that it must protect its beaches, fishing industry and other important state interests and asserts that an adverse decision of the action pending in this court will have the effect of sanctioning the EPA's proposal and encourage the granting of the site designation off the Delaware coast.

■ The underlying thrust of Delaware's motion is that Delaware is being harmed by the continued dumping in the New York Bight. However, close examination of this argument leads to the conclusion that Delaware is not presently being harmed by the dumping in the Bight and that Delaware therefore lacks the requisite interest in the pending action to be considered a citizen within the purview of section 1365(b)(1)(B).

This conclusion is strengthened by a number of factors. First, the New York Bight is not close geographically to the Delaware coast, and the state does not allege any actual harm accruing to it through the practices of the defendants. More importantly, the designation of the dump site off the Delaware coast is merely a proposal at this point, and Delaware does not allege that any dumping has taken place at that site or any site other than the New York Bight. Further, there are no grounds to support Delaware's contention that a decision adverse to its position will encourage or sanction future EPA action on the proposal to dump off of the Delaware coast. In light of the circumstances, Delaware's claimed interest in the present action is at best tangential and therefore insufficient to justify its intervention under rule 24(a)(1).

■ This determination does not dispose of the motion to intervene, however. Delaware may be admitted as a plaintiff if the requirements of rule 24(a)(2) are met. The Third Circuit has determined that a person is entitled to intervene of right if three conditions are satisfied. First, the party must have a sufficient interest in the matter that would be affected by the disposition. Second, this interest must be inadequately represented by the existing parties. Finally, the application must be timely. *Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d 501, 504 (3d Cir.), *cert. denied*, 426 U.S. 921, 96 S.Ct.· 2628, 49 L.Ed.2d 375 (1976).

It has already been determined that the State of Delaware lacks the requisite inter-

est in the pending action to be made a party under rule 24(a)(1). The same conclusion must be reached in this instance. Delaware's interest in the action at bar is too remote to justify intervention. Further, the state's interest in protecting its coastline will not be affected by the disposition of this case. Even if defendants should prevail here, the decision will not affect Delaware. The EPA must still come to its determination of the validity of the proposed alternative dumping site off the Delaware coast. The State of Delaware will have ample opportunity to present its case on that topic to the EPA. Since the finding of insufficient interest is determinative of Delaware's motion under rule 24(a)(2), the second and third *Rizzo* factors need not be considered here.

 Finally, this court may permit the intervention of the State of Delaware under rule 24(b)(2) which provides for intervention upon timely application

> when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Courts construing rule 24(b)(2) have universally held that any motions so made are addressed to the sound discretion of the court. See *United States Postal Service v. Brennan,* 579 F.2d 188, 191 (2d Cir.1978). Although no list of considerations appropriate to the exercise of sound discretion is exhaustive, some circuits have set forth guidelines for their trial courts. Among these decisions, the criteria listed in *Brennan* are most instructive. *Brennan* states that the principal consideration is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *Brennan* at 191. The court should also consider whether the applicant will benefit by intervention. *Id.* Other relevant factors include the nature and extent of the intervenor's interest, whether the interests are adequately represented by the other parties, and whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the action and to just and equitable adjudication of the legal questions presented. *Id.* at 191–92.

 Applying the above-cited standards to the application before this court, I am unconvinced that allowing the State of Delaware to intervene would be in the best interest of all parties. Although Delaware's claim and the main action have questions of law and fact in common, admission of Delaware as a party plaintiff will unduly delay the adjudication of the plaintiff's claim. Consideration of this case has already been delayed for a considerable period of time and addition of another plaintiff will likely forestall consideration for an even greater period. Such delays and potential harm to the environment should not be tolerated to permit a remotely interested plaintiff to join an already complex dispute. In addition, plaintiff will have ample opportunity to contest the designation of the dump site off its coast during later administrative proceedings and perhaps an independent legal action. See *Korioth v. Briscoe,* 523 F.2d 1271 (5th Cir.1975).

As noted above, Delaware's interest in the present action is tangential and non-essential to an equitable determination of the issues facing the court. Further, there is no possible benefit to the applicant by allowing the intervention. If the case at bar is decided in the plaintiff's favor, then Delaware's interest in protecting the coast line may be assured. However, since Delaware has no present interest in the dumping issue but is merely worried about possible future dumping, that state's interest is adequately represented by parties already plaintiff in

the action. Finally, Delaware's presence as plaintiff does not appear to be essential to the full development and equitable adjudication of the claims. "Where the proposed intervenor merely underlines issues of law already raised by the primary parties, permissive intervention is rarely appropriate.... Therefore, the court declines to allow full-scale intervention which will inevitably bring about delay, repetition, and the clouding of issues involved in the original cause of action...." *United States v. American Institute of Real Estate Appraisers of the National Association of Realtors*, 442 F.Supp. 1072, 1083 (E.D.Ill.1977), *appeal dismissed*, 590 F.2d 242 (7th Cir.1978) (citation omitted).

For the foregoing reasons, applicant has failed to demonstrate that intervention of right or by permission under Fed.R.Civ.P. 24 is due or appropriate in the present case. Therefore, the motion of the State of Delaware to intervene is denied. Defendants will submit an order within five days. No costs.