UNITED STATES of America, The State of New York, and Robert E. Flacke, Commissioner of Environmental Conservation of the State of New York, Plaintiffs,

v.

The CITY OF NIAGARA FALLS, Defendant.

No. CIV–81–363C.

United States District Court, W.D. New York.

Sept. 27, 1984.

U.S. Dept. of Justice (Roger J. Marzulla, Special Litigation Counsel, Washington, D.C., of counsel), for plaintiff United States of America.

Robert Abrams, Atty. Gen. of the State of N.Y., Albany, N.Y. (James A. Sevinsky, Asst. Atty. Gen., Environmental Protection Bureau, Albany, N.Y., of counsel), for plaintiff State of N.Y.

Berle, Butzel, Kass & Case, New York City (Peter A. Berle, New York City, of counsel), for defendant City of Niagara Falls.

Whiteman, Osterman & Hanna, Albany, N.Y. (John Hanna, Jr., Albany, N.Y., of counsel), for defendant-intervenor Indus. Liaison Committee.

CURTIN, Chief Judge.

Pending before the court is a motion to intervene filed by the Industrial Liaison Committee [ILC]. The ILC contends that it has a right to intervene in this environmental lawsuit as a matter of statutory right pursuant to section 505(b)(1)(B) of the Clean Water Act (33 U.S.C. § 1365(b)(1)(B)) and Rule 24(a)(1) of the Federal Rules of Civil Procedure. In the alternative, the ILC argues that it may intervene as a matter of right under Rule 24(a)(2) or permissively under Rule 24(b)(2). For the reasons stated below, this motion is granted.

The ILC is an unincorporated association of businesses. Each member sends industrial wastes to the Niagara Falls Waste Water Treatment Plant [the Plant] for treatment before the waste is discharged into the Niagara River. The Plant is the center of controversy in this lawsuit, which was commenced by the plaintiffs in May of 1981.

The Plant was constructed between 1973 and 1977 and became operative in late 1977. The entire carbon treatment system was shut down in July of 1978, due to its failure to operate properly. This situation has resulted in waste water discharges which are in violation of state and federal law.

The case is now in a settlement posture. The United States, the State of New York, and the City of Niagara Falls filed a consent decree and proposed judgment with the court on January 19, 1984. On the same day, I signed an order upon the consent of the parties which requires that they comply with the terms of the proposed decree until it is either approved or disapproved. The parties had engaged in settlement negotiations for well over one year before the instant motion was filed on January 12, 1984. Oral arguments upon the motion were heard in June.

Section 505(b)(1)(B) of the Clean Water Act, 33 U.S.C. § 1365(b)(1)(B) provides that any citizen may intervene in an action commenced by the United States or a state for the purpose of compelling compliance with an effluent standard or an order respecting an effluent standard. The ILC invokes this provision as authority to intervene as a defendant in this action as a matter of statutory right.

The internal logic of section 505 points strongly to the conclusion that this provision only applies to citizens seeking to intervene as plaintiffs in situations where they cannot commence an action of their own. However, the court declines to pass on that issue because the ILC meets the requirements of Rule 24(a)(2). Accordingly, the motion shall be granted under Rule 24(a)(2).

To intervene under Rule 24(a)(2), an applicant must show that: (1) the application is timely; (2) he has an interest relat-

ing to the property or transaction which is the subject matter of the litigation; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party. *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir.1978); *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir.1984).

■ The two criteria most seriously at issue here are timeliness and whether the ILC has an interest in this lawsuit. The ILC could certainly have filed this motion sooner. The pendency of this case was a matter of public record, and the problems at the Plant were well known. On the other hand, courts rarely deny motions to intervene under Rule 24(a)(2) due to untimeliness. Also, in *United States v. Hooker Chemicals & Plastics Corp.*, 540 F.Supp. 1067 (W.D.N.Y.1982), this court granted a motion to intervene filed after the parties had reached a settlement. Moreover, even if the ILC had intervened earlier, it could not have prevented the parties from settling their differences. This motion could and should have been filed earlier. However, the motion is not untimely. The ILC meets the other criteria of Rule 24(a)(2), and the importance of their interests outweighs the inconvenience which the plaintiffs have shown to have come about by the lateness of the filing.

The court is satisfied that the ILC has an interest in the subject matter of this case. Any arrangements under which the Plant is to operate will have a direct effect upon the businesses which send waste there. The ILC's members send their wastes to the Plant and pay for the privilege of doing so.

One of the ILC's concerns is that the requirements of a State Pollutant Discharge Elimination System [SPDES] permit issued in October of 1982 will be locked into the consent decree regardless of its validity under State law.[1] The court believes that this concern is not well founded, because the agreement expressly contemplates that the permit might be modified. (Consent decree, Docket Item 16, ¶ IIIA.)

However, the consent decree involves more than the SPDES permit. It involves construction timetables, and it contains provisions concerning the amounts of certain pollutants which significant industrial users of the Plant will be permitted to send there for treatment. The users of the Plant obviously have a direct interest in the manner in which the Plant is operated. Since the consent decree deals with the present and future operations of the Plant, the ILC and its members have an interest in this case sufficient to qualify for intervention under Rule 24(a)(2).

The plaintiffs argue that the ILC can object to the decree by filing comments pursuant to 28 C.F.R. § 50.7. The ILC has filed comments, and the United States has responded to them. (*See* Items 24 and 25.) The ILC has indicated its many objections to the decree, and the United States has addressed these *seriatim*. However, this should not have any bearing upon the present motion. If the ILC satisfies the criteria of Rule 24(a)(2), it is entitled to voice its objections as a party to this lawsuit.

It is clear that none of the parties represents the interests of the ILC. The ILC's interests are economic. The plaintiffs are seeking to limit industrial discharges while the ILC's members contribute to the pollution of the Niagara River. As a municipality, the City of Niagara Falls does not share the business interests of the ILC's members. *Compare, New York Public Interest Research Group v. Regents of the University of the State of New York*, 516 F.2d 350 (2d Cir.1975).

The court is also satisfied that the approval of the consent decree could, as a

---

**1.** The ILC has challenged the validity of this permit in an Article 78 proceeding in New York State Supreme Court. The court is informed that on September 7, 1984, the Honorable Lawrence E. Kahn, J.S.C., vacated the SPDES permit because it was issued without a public hearing, as required by 6 NYCRR § 753.6.

practical matter, impair the ILC's interests. The decree's provision concerning limits upon the amount of wastes significant industrial users may send to the Plant is objectionable to the ILC. In fact, the ILC objects to all of paragraph VI of the decree, which deals with pre-treatment of wastes. (ILC Comments, Item 24, pp. 6–8.) The court makes no judgment upon the merit of these objections at this time. The court merely notes that the ILC has met the requirements of Rule 24(a)(2).

*Conclusion*

The motion of the ILC to intervene as a defendant in this action pursuant to Rule 24(a)(2) is granted.

So ordered.

