**PENSION BENEFIT GUARANTY CORPORATION, Plaintiff,**

v.

**The LTV CORPORATION and LTV Steel Company, Inc., Defendants.**

No. 87 Civ. 7261.

United States District Court, S.D. New York.

Jan. 26, 1988.

---

## MEMORANDUM OPINION

SWEET, District Judge.

David H. Miller and William W. Shaffer ("Miller and Shaffer") have moved pursuant to Rule 24, Fed.R.Civ.P., to intervene individually and as representatives of participants in the Jones & Laughlin Retirement Plan (the "Plan") in this action filed by the Pension Benefit Guaranty Corporation ("PBGC") against the LTV Corporation and LTV Steel Company ("LTV"), debtors and debtors-in-possession in consolidated reorganization proceedings under Chapter 11 of the Bankruptcy Reform Act of 1978, as amended, pending in the United States Bankruptcy Court for the Southern District of New York. For the reasons set forth below, the motion to intervene is granted.

*The Motion*

At a pretrial conference held on December 9, 1987, counsel for PBGC and LTV agreed to January 15, 1988 as the return date for motions to intervene. BancTexas Dallas, N.A.'s motion to intervene was not opposed and was, therefore, granted on January 15, 1988. Prior to that date, LTV had stipulated to the intervention of the Official Committee of Unsecured Creditors, a separate subcommittee of that committee

designated as the Parent Subcommittee, and the LTV Bank Group. LTV has also agreed to the intervention of the Official Committee of Equity Security Holders.

Oral argument was held on Miller and Shaffer's Rule 24 motion on January 15, 1988. LTV does not object to the intervention of Miller and Shaffer as individuals. LTV does object, however, to the class action allegations in Miller and Shaffer's complaint and, therefore, opposes their intervention as representatives of all participants in the Plan on the grounds that intervention by a class will unnecessarily delay the adjudication of the PBGC action.

*Prior Proceedings*

On January 13, 1987, the PBGC terminated three of LTV Steel's pension plans (the "Terminated Pension Plans"). On September 22, 1987, the PBGC restored the Terminated Pension Plans to their pre-termination status, retroactive to January 13, 1987. The validity of the PBGC's restoration of the Terminated Pension Plans is at issue in this action, filed on October 9, 1987 by the PBGC to compel compliance with the restoration, and in a related proceeding initiated by LTV in the bankruptcy court and removed to this court by an Opinion dated November 24, 1987 which seeks to have the restoration declared null and void.

In November 1986, Miller and Shaffer commenced an action in the United States District Court for the Western District of Pennsylvania seeking to enjoin the voluntary termination of the Plan. On October 21, 1987, Miller and Shaffer filed an amended complaint asserting class action allegations, adding new defendants, and adding two additional counts to the original complaint. Their complaint sought to enjoin voluntary termination of the Plan, to compel contributions to the Plan and to compel payment of full benefits to retirees from the Plan. On December 8, 1987, the Bankruptcy Court enjoined Miller and Shaffer from the continued prosecution of the amended complaint "subject to an application for dissolution of the injunction following the expiration of ninety days subsequent to a final determination of the [Plan]

termination and restoration" issues in litigation pending in this court.

*Intervention as of Right*

Rule 24(a)(2) permits a party to intervene as of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Miller and Shaffer argue that a decision adverse to the PBGC on the restoration issue will impair and impede their ability to obtain payment of full Plan benefits, which they seek in the suit filed in the Western District of Pennsylvania. They fear the collateral consequences of an adverse determination of the restoration issue in this court.

Miller and Shaffer also contend that the PBGC may not adequately represent their interests and those of the class they seek to represent. Although in the present posture of this case, the PBGC seeks to enforce its restoration of the Plan retroactive to January 13, 1987, the possibility exists that the PBGC and LTV might agree to an alternate resolution that leaves Miller and Shaffer and other Plan participants with less benefits than they are currently seeking in the Pennsylvania lawsuit. Miller and Shaffer correctly point out that if the class they seek to represent were permitted to intervene in this action, then under Rule 23(e) the suit could "not be dismissed or compromised without the approval of the court."

As applicants for intervention as of right, Miller and Shaffer have "the burden of showing that representation may be inadequate, although the burden 'should be treated as minimal.'" *United States Postal Service v. Brennan,* 579 F.2d 188, 191 (2d Cir.1978) (quoting *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972)). The history of this case itself is proof that at times the interests of the PBGC, as administrator of the pension plan termination insurance program under Title IV of the Employee Retirement Income Security

Act of 1974, as amended, 29 U.S.C. §§ 1301–1461, departs from the interests of pension plan participants seeking to obtain the full amount of their bargained-for pension benefits. Accordingly, Miller and Shaffer have met their "minimal" burden.

Miller and Shaffer's motion to intervene individually and as representatives of participants in the Plan is granted.

IT IS SO ORDERED.