**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and its Local No. 771, Plaintiffs,**

v.

**RING SCREW WORKS, Defendant.**

Civ. A. No. 89–72701–DT.

United States District Court,
E.D. Michigan, S.D.

July 25, 1990.

---

Jordan Rossen, Nancy Schiffer, Detroit, Mich., William Mazey, Rothe, Mazey, Mazey & Hamburger, Southfield, Mich., for plaintiffs.

Richard M. Tuyn, Vicki Peterson, Clark, Hardy, Lewis, Pollard & Page, Birmingham, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs are a labor union and its local (collectively, "the UAW"). Defendant ("Ring Screw") employs UAW members ("employees"). The UAW seeks damages on behalf of employees who were made to choose between contributing to their non-union-negotiated health maintenance organization ("HMO") insurance plans, previously provided by Ring Screw at no cost, and reverting to a free, union-negotiated plan that does not cover pre-existing conditions. The UAW alleges that Ring Screw breached the Collective Bargaining Agreement ("CBA"), which allegedly requires Ring Screw to pay in full for health coverage, and violated 42 U.S.C. § 300e–9(a)(2)(B), which requires an employer to present the HMO to the union before offering HMO coverage to represented employees. The dispute is here on cross motions for summary judgment. I grant Ring Screw's motion and deny the UAW's motion.

## I. *Background*

In 1983, the UAW and Ring Screw negotiated health coverage. Under that agreement, Ring Screw retained the right to select the insurance carrier, so long as the coverage was comparable to that being provided at the time by Blue–Cross/Blue–Shield of Michigan ("BCBS"). The relevant feature of BCBS's plan was that employees need not contribute. A new plan was chosen.

The CBA specifically provides, in Article XV § 5, that health plan provisions, except for issues of whether substitute plans are comparable to the old BCBS plan, are not subject to the grievance procedure.[1]

That same year, Ring Screw also permitted various HMO's to enter its facilities and solicit employee participation. Ring Screw says it believed that federal and state law required it to do so. The UAW was not involved. Ring Screw covered the full cost of the HMO coverage.

In 1988, the 1983 health benefits plan was renewed in a renegotiation of the CBA. In August 1988, Ring Screw advised employee members of the HMO's that the employees would have to contribute, or revert to the negotiated plan. The problem is, those choosing to revert are not covered for pre-existing conditions. The UAW alleges that 100 employees are adversely affected.

Initially, the UAW grieved. Later, it abandoned that process, choosing instead

---

**1.** Article XV § 5 reads, in full:

No matter respecting the program or any difference arising thereunder shall be subject to the grievance procedure established in the collective bargaining agreement between the Company and the Union. The Company may at its option change insurance carriers to one with comparable coverage. A change in the health insurance carrier is subject to the grievance procedure prior to any change on the basis of comparability only.

to bring suit in this court. The UAW's causes of action are: (1) Ring Screw breached the CBA when it required a contribution from HMO enrollees; and (2) Ring Screw violated 42 U.S.C. § 300e–9 when it permitted the HMO to enroll employees without bargaining first with the UAW, since there was a CBA in place. The UAW requests that all employees be made whole and that they be provided with free health coverage.

The parties filed cross motions for summary judgment, each of which contains two principal arguments. A hearing was held on June 5, 1990.

## II. *Analysis*

When there is no genuine issue of material fact, and judgment may be had as a matter of law, summary judgment will issue. Fed.R.Civ.P. 56(c).

■ First, Ring Screw's motion contends that the comparability of the HMO to the BCBS plan is at issue, and thus subject to the CBA's grievance procedure. Consequently, Ring Screw maintains that the court lacks jurisdiction because the UAW failed to exhaust the CBA's grievance procedure and failed to strike, as required by CBA Art. IV § 4 and Art. XVI § 7.

The UAW asserts that this is not a comparability issue, and that therefore this court has jurisdiction. The UAW says it need not strike, because it had no obligation to grieve. At the hearing, the UAW argued that Ring Screw is exaggerating the meaning of "comparability." The UAW contends that comparability issues have to do with whether benefits are comparable, not with whether the cost to the employees is, since a major impetus for negotiating the plan was to preserve free health coverage.

The plain language of the CBA's Article XV § 5 and a joint reading of Article XV

§§ 4–5 clearly show that I have jurisdiction.[2]

Article XV § 5 says, "The Company may at its option change insurance carriers to one with *comparable coverage*. A change in the health insurance carrier is subject to the grievance procedure prior to any change on the basis of *comparability only*." (Emphasis added.) The juxtaposition of these sentences clearly indicates that "comparability" refers to "coverage." I find that in this context, there can be no disputing the conclusion that "coverage" means "benefits," not "cost."

Further, the mere presence of Article XV § 4, providing that Ring Screw shall fully pay for health insurance[3], shows that cost was not included in the term "coverage." Benefits, not cost, were the UAW's concern in Article XV § 5. When the CBA was written to provide that comparability issues would be subject to the grievance procedure, the parties could not have intended that the question of whether or not Ring Screw would pay for the health program would be a comparability dispute, since to pay was Ring Screw's obligation.

Moreover, if cost were contemplated by the term "coverage," and therefore subject to a comparability dispute, Article XV § 4's no-cost-to-employees provision would be renegotiable every time the plan were changed, since the plan could be changed at Ring Screw's option under Article XV § 5. The result would vitiate Ring Screw's obligation to pay fully for health coverage.

Hence, I find that comparability means comparable benefits, not cost. Therefore, this is not a comparability dispute, and the grievance procedure need not be exhausted. I have jurisdiction.

■ Next, the UAW contends that Ring Screw required a contribution from employees for the HMO, and that therefore it breached the CBA.

---

**2.** At the hearing, I said there might be a need for a further hearing on the meaning of "comparability," and so adjourned this matter. Upon reflection, I find that the hearing need not be continued.

**3.** Article XV § 4 reads, in full:

Unless otherwise specifically provided herein, the Company shall pay all expenses incurred by it in the administration of the program.

Ring Screw argues that even if this court has jurisdiction, Ring Screw did not choose to offer an HMO, and so is not obligated to pay for it all under the CBA, which mandates only that Ring Screw pay in full for health insurance programs that Ring Screw establishes. *See* CBA Art. XV §§ 1, 4. While Ring Screw concedes that it would be obligated to pay had it chosen to offer the HMO, and admits that it now is requiring a contribution, it denies breach.

Since well before 1983, federal and state statutes have required employers to offer HMO coverage to union-represented employees. Hence, Ring Screw did not choose the HMO.

Under 42 U.S.C. §§ 300e–9(a)(1) and (a)(2), an employer has an obligation to offer HMO coverage to *all* employees under subsection (a)(1), even those represented by a union. If the employees are represented, subsection (a)(2)(A) states that the employer must first present the HMO to the union. 42 U.S.C. § 300e–9(a)(2)(B) describes the procedure of presenting the plan to the employees for individual rejection. Under that subsection, rejection by the union would terminate the employer's obligation under subsections (a)(1) and (a)(2)(A) to offer the HMO to individual employees, but it does not terminate the employer's obligation to offer it to the employees via the union. Thus, the employer's failure to present the HMO to the union first is irrelevant to the employer's basic obligation to offer it. Hence, that omission here was a procedural error, but cannot absolve the employer of its statutory obligation. In other words, the obligation to offer an HMO as a part of the collective bargaining process does not make an offer outside that process a discretionary offering. Consequently, the HMO is not part of a health program established by Ring Screw within the meaning of Art. XV §§ 1 and 4.

M.C.L. § 333.21091 also requires the employer to include the HMO in its benefit plan. M.C.L. § 333.21092 states, if "selection of a HMO is the result of negotiation or collective bargaining," the requirement that the employer offer HMO coverage to employees "is subject to approval by [the union]." Again, this does not transform the employer's obligation into a discretionary act. Anyway, the selection here was not in fact the "result of ... collective bargaining." Rather, the HMO was offered *sua sponte* by the employer, based on a perceived (and real) legal obligation.

In this case, I hold that Ring Screw did not "choose" to offer HMO coverage. Thus, I hold that Ring Screw is not obligated to pay under the CBA. Consequently, Ring Screw may request a contribution, provided to do so is not a breach of 42 U.S.C. § 300e–9(a)(2)(B) as the UAW claims.

■ Ring Screw's final argument is that the UAW has no standing to assert a § 300e–9(a)(2)(B) violation, because enforcement thereof lies exclusively in the hands of the United States. Even if the UAW had standing, Ring Screw says, the UAW had knowledge and did not object and therefore the HMO was approved by the UAW within the meaning of the statute.

The UAW cites no authority conferring standing upon it. Instead, it seems to say that the statute does not require an employer to offer HMO coverage to union-represented employees, but that coverage may be the subject of collective bargaining.

Ring Screw rightly argues that only the United States has express standing to enforce 42 U.S.C. § 300e–9(a)(2)(B). 42 U.S.C. § 300e–9(e). There is no provision for private attorneys general. Thus, I hold that the UAW may not sue directly on § 300e–9(a)(2)(B).

Accordingly, I GRANT Ring Screw's motion for summary judgment and DENY the UAW's motion. IT IS SO ORDERED.