**The HEALTH CARE PLAN, INC., Plaintiff,**

v.

**AETNA LIFE INSURANCE COMPANY, Defendant.**

**No. CIV–91–663C.**

United States District Court, W.D. New York.

Oct. 31, 1991.

Magavern & Magavern (James L. Magavern, of counsel), Buffalo, N.Y., for plaintiff.

Nixon, Hargrave, Devans & Doyle (Michael R. Wolford, of counsel), Rochester, N.Y., for defendant.

CURTIN, District Judge.

This is an action for damages and preliminary injunctive relief to remedy the alleged refusal of defendant Aetna Life Insurance Company (Aetna) to comply with the Health Maintenance Organizations (HMO) law, as codified at 42 U.S.C. § 300e–9, and New York Public Health Law § 4407 concomitant with a request from The Health Care Plan, Inc. (HCP), plaintiff, to be included as an option in defendant's

health benefits plan. In essence, plaintiff asks this court to find a new, implied right of private action for violations of Section 300e-9 which would enable plaintiff, and, presumably, other health maintenance organizations, to bypass the sole enforcement mechanism provided in the statute.

█ In the present case, the questions concerning standing and an implied right of action are inseparable. The Supreme Court had established, early on in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), a four pronged test to determine whether a court may infer a private right of action from a federal statute.[1] However, two years later, the Court decided that the *Cort* factors were merely relevant rather than determinative, emphasizing, instead, the court's probe into congressional intent, *Cort's* second prong. *Piper v. Chris–Craft Indus.*, 430 U.S. 1, 37–41, 97 S.Ct. 926, 947–49, 51 L.Ed.2d 124 (1977).

Writing for the majority after another two years, Justice Rehnquist stated unequivocally that "[t]he question of the existence of a statutory cause of action is, of course, one of statutory construction." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979). Importantly, the Court had come to see its task "limited solely to determining whether Congress intended to create the private right of action" asserted by the plaintiff. *Id., see also Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263*, 489 U.S. 527, 532, 109 S.Ct. 1282, 1286, 103 L.Ed.2d 539 (1989). Moreover, while Justice Rehnquist reasoned that the mere fact that the plaintiffs in *Touche Ross* were intended beneficiaries of the statute at issue, he held that they had no private right of enforcement and concluded that "in a series of cases since [*J.I. Case Co. v.*] *Borak* [, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964)] we have adhered to a stricter standard for the implication of private causes of action, and we follow that

stricter standard today." *Id.* at 578, 99 S.Ct. at 2490.

Though, the *Touche Ross* plaintiff had implored the Court to consider the *Cort* factors, the Court instructed that "[t]he central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action." *Id.* at 575, 99 S.Ct. at 2489. As Justice Rehnquist explained, "[t]he ultimate question is one of congressional intent, not one of whether this Court thinks that it can improve upon the statutory scheme that Congress enacted into law." *Id.* at 578, 99 S.Ct. at 2490.

Turning now to the instant action, plaintiff HCP urges this court to consider the four *Cort* factors. Plaintiff refers to a footnote in a recent case which apparently maintains the efficacy of the *Cort* test. *Wilder v. Virginia Hospital Ass'n,* —— U.S. ——, 110 S.Ct. 2510, 2517 n. 9, 110 L.Ed.2d 455 (1990). The footnote in question, though, also calls the reader's attention to the *Touche Ross* case with its "stricter standard." As noted above, the Supreme Court has narrowed the *Cort* factors in a subsequent series of cases. As a result, the four factors are no longer entitled to equal weight. *Touche Ross*, 442 U.S. at 575–76, 99 S.Ct. at 2489; *see also* Anthony J. Waters, *The Property in the Promise*, 98 Harv.L.Rev. 1109, 1175 (1985).

█ As far as the *Cort* factors now go, the inquiry into congressional intent is of paramount importance in determining implied rights of action from federal statutes. *See Touche Ross*, 442 U.S. at 568, 99 S.Ct. at 2485. Any such inquiry must necessarily begin with the language of the statute. First, while plaintiff may, to some degree, enjoy some protection under the HMO law, any right it seeks to assert under this legislation must comport with the legislative scheme of the program. Moreover, the mere fact that Section 300e–9 may have

---

**1.** The four questions were (1) whether the plaintiff is a member of the class for whose special benefit the statute was enacted, (2) whether there is any indication of legislative intent to either create or deny a private right of action, (3) whether an implied private remedy is con- sistent with the underlying purposes of the legislative scheme, and (4) whether the cause of action is in an area that is traditionally relegated to state law so that it would not be appropriate to infer a cause of action based only on federal law. *See* 422 U.S. at 78, 95 S.Ct. at 2088.

been designed to provide protection for an HMO does not imply the right to a private action. *See id.* at 578, 99 S.Ct. at 2490. Second, after reviewing Section 300e–9 and its legislative history, this court can find no basis for finding that Congress intended to create an express or implied private right of action to enforce its provisions.[2] In fact, the section contemplates administrative rather than judicial enforcement of the section's requirements. Section 300e–9(e) provides for the assessment by the Secretary of civil penalties for each thirty day period that noncompliance with the statute continues. Third, neither does this court consider the creation of a private remedy to be consistent with the underlying purposes of the legislative scheme. By its terms, Section 300e–9 allows the Secretary to punish a wrongdoing employer through imposition of repeated fines until compliance is achieved. An implied right of action would only act to circumvent the explicit responsibility of the Secretary to enforce compliance with the statute through the assessment of penalties and transfer the primary obligation in such cases from the administrative personnel intended to bear it to the federal courts. Finally, whether or not the instant cause of action is one traditionally relegated to state law cannot by itself, nor in conjunction with plaintiff's status as a mere beneficiary under the section, be the basis for implying a right of action.

Upon consideration of these factors in the light of recent Supreme Court pronouncements, this court concludes that no implied right of private action should be judicially created. Only the United States has express standing to enforce Section 300–9. Therefore, the plaintiff has no standing to maintain its current suit for a preliminary injunction or damages.

The claim for preliminary injunction and damages is therefore denied. Judgment is entered for the defendant. The court refuses to entertain pendent jurisdiction over the state law cause of action and it is dismissed.

So ordered.

---

**2.** Nor is this court alone in such a conclusion. Indeed, the only court to address the standing problem under section 300e–9 of the HMO law held that a union could not sue directly on section 300e–9(a)(2)(b). *See International Union, United Autoworkers v. Ring Screw Works,* 741 F.Supp. 660, 663 (E.D.Mich.1990). The court concluded that there is no provision for private attorneys general and only the United States could maintain an action for enforcement of the section's provision. *Id.*