274

The PENNSYLVANIA STATE
UNIVERSITY, Plaintiff,

v.

The UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVIC-
ES, and Louis H. Sullivan, Secretary of
Health and Human Services, Defen-
dants.

No. 3:CV–91–1613.

United States District Court,
M.D. Pennsylvania.

June 3, 1992.

Delbert J. McQuaide, McQuaide, Blasko, Schwartz, Fleming & Faulkner, Inc., State College, Pa., for plaintiff.

Jennifer A. Stiller, Elizabeth A. Read, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendant Geisinger Health Plan.

John R. Niemeyer, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for federal defendants.

MEMORANDUM

McCLURE, District Judge.

BACKGROUND

In this action, Geisinger Health Plan ("Geisinger") seeks to intervene as a defendant in a suit for declaratory judgment and injunctive relief brought by Pennsylvania State University ("Penn State") against the United States Department of Health and Human Services and Louis H. Sullivan, Secretary of Health and Human Services (collectively, the "Federal Defendants").

In accordance with Fed.R.Civ.P. 24(c), Geisinger attached to its motion an answer setting forth the defense for which intervention is sought, and included a counterclaim as well. Penn State opposes Geisinger's motion to intervene, while the Federal Defendants support it.

According to the Health Maintenance Organization Act, 42 U.S.C. § 300e, et seq., (the "HMO Act"), certain employers shall include in any employee health benefits plan the option of membership in a federally-qualified health maintenance organization ("HMO").

Geisinger is a licensed, federally-qualified HMO, which operates in 17 counties in Pennsylvania, including Centre County, where Penn State maintains its principal office. On March 15, 1991, Geisinger requested Penn State to include in Penn State's employee health plan the option to enroll in Geisinger's HMO. Penn State refused, contending that it was an instrumentality of the Commonwealth of Pennsylvania and thus not subject to § 300e–9 of the HMO Act. Consequently, Geisinger filed a complaint with the Federal Defen-

dants, who later began an investigation in the matter. Upon notice of the investigation, Penn State filed this suit. Geisinger filed a motion to intervene on February 14, 1992, the date on which the Federal Defendants' answer was due.

## DISCUSSION

### I. Intervention as of Right

According to Fed.R.Civ.P. 24(a), upon timely application, anyone shall be permitted to intervene in an action:

"... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Because Geisinger has applied for intervention so early in the case, the requirement for a timely motion is satisfied. Geisinger's potential economic interest in the outcome of this action is not, however, a legally protectable interest since there is no private right of action under § 300e–9. *Health Care Plan, Inc., v. Aetna Life Ins. Co.,* 776 F.Supp. 118 (W.D.N.Y.1991); *Int'l Union, United Auto. v. Ring Screw Works,* 741 F.Supp. 660 (E.D.Mich.1990). Geisinger's argument that it is merely seeking a declaratory judgment and not asserting a private right of action is without merit.

Furthermore, Geisinger's interest is adequately represented by the existing parties. "So long as the party has demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions, a district judge does not exceed the bounds of discretion by concluding that the interests of the intervenor are adequately represented." *Natural Resources Defense Council, Inc. v. New York State Department of Environmental Conservation,* 834 F.2d 60, 62 (2d Cir.1987). The Federal Defendants have demonstrated sufficient motivation to defend vigorously the HMO Act. Moreover, Geisinger has no unique defenses to contribute to this suit; its presence will neither add to nor subtract from the just adjudication of the issues.

We conclude that Geisinger has no right to intervene.

### II. Permissive Intervention

According to Fed.R.Civ.P. 24(b), intervention may be permitted when the applicant's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

Geisinger has asserted defenses common to those of the Federal Defendants, and the court would be hard pressed to find that the intervention would unduly delay or prejudice the adjudication of the rights of the original parties. However, viewing the matter pragmatically, *Harris v. Pernsley,* 820 F.2d 592 (3d Cir.1987), the court simply finds that no judicially useful purpose is to be served by permitting intervention by Geisinger in this case. It has no legal standing to assert a claim initially and should not be permitted to do so by the "back-door" of an intervenor's counterclaim. Geisinger's potential economic interest in the outcome of this case is identical to that of other federally-qualified HMO's and will be adequately represented by the Federal Defendants. Geisinger's presence in the action would therefore be superfluous and would not promote the efficient resolution of this litigation.

Although we cannot justify the applicant's intervention in this action, the court is willing to consider Geisinger's position on the legal issues as submitted in an amicus curiae brief, and will invite an amicus brief at the appropriate time.

## ORDER

For the reasons stated in the accompanying memorandum, IT IS ORDERED THAT:

1. Geisinger Health Plan's motion (record document # 4, filed February 18, 1992) to intervene is denied.

2. The court will, at the appropriate time or times, invite Geisinger Health Plan

to file amicus curiae briefs in support of the defendants' position.